**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No: 1:20-cr-00116-TWP-DML |
| ) | |
| RUSSELL CHARLES TAYLOR, ) | |
| ) | |
| Defendant. ) | |

**ENTRY ON GOVERNMENT'S *SANTIAGO* PROFFER**

The Government has submitted a proffer in accordance with *United States v. Santiago*, 582 F.2d 1128 (7th Cir. 1978), in support of the admissibility of co-conspirator statements during the trial scheduled for May 3, 2021. ([Filing No. 34](#).) For the reasons stated below, the Government's Proffer is conditionally accepted.

**I. LEGAL STANDARD**

A conspiracy exists where two or more persons join together to commit an unlawful act. *United States v. Navarreti*, 125 F.3d 559, 562 (7th Cir. 1997). A person becomes a member of a conspiracy when they know about the conspiracy and intentionally agree to join it. *United States v. Bey*, 725 F.3d 643, 648 (7th Cir. 2013). Federal Rule of Evidence 801(d)(2)(E) provides that statements by co-conspirators made during the course and in furtherance of the conspiracy is not hearsay excluded under Rule 802. When a statement of a co-conspirator which would otherwise have been regarded as hearsay is proffered, a preliminary question arises under Rule 104 of the Federal Rules of Evidence. Rule 104 requires a preliminary determination by the trial judge as to the admissibility of the declaration of a co-conspirator. Under Rule 104, the competence of a co-conspirator declaration justifying its admissibility depends upon whether or not the existence of the

conspiracy has been sufficiently established by independent evidence, and whether under Rule 801(d)(2)(E) the declaration was made during the course and in furtherance of the conspiracy.

The trial judge retains the option of conditionally admitting the co-conspirator declaration evidence before the conspiracy has been independently established, but subject to the subsequent fulfillment of that critical condition. The standard to be applied during this competency determination is, "…if it is more likely than not that the declarant and the defendant were members of a conspiracy when the hearsay statement was made, and that the statement was in furtherance of the conspiracy, the hearsay is admissible." *Santiago at* 1128. In addition, the existence of a criminal conspiracy may be proven entirely by "way of circumstantial evidence." *United States v. Viezca*, 265 F. 3d 593, 597 (7th Cir. 2001).

## II.  DISCUSSION

On May 27, 2020, a federal grand jury returned a 34-count Indictment in this case against Defendant Russell Charles Taylor ("Taylor"), charging him in Counts 1-3, 5, 8-11, 14-20, and 23-31 with Sexual Exploitation of a Minor and Attempted Sexual Exploitation of a Minor, in violation of 18 U.S.C. §§ 2251(a) and (e); in Counts 4, 6, 12, and 13 with Coercion and Enticement, in violation of 18 U.S.C. § 2422(b); in Counts 7, 21, and 22 with Distribution of Visual Depictions of a Minor Engaging in Sexually Explicit Conduct, in violation of 18 U.S.C. § 2252(a)(2); in Count 32 with Receipt of Visual Depictions of Minors Engaging in Sexually Explicit Conduct, in violation of 18 U.S.C. § 2252(a)(2); in Count 33 with Possession of Visual Depictions of Minors Engaging in Sexually Explicit Conduct, in violation of 18 U.S.C. § 2252(a)(4)(B); and in Count 34 with Conspiracy to Possess Visual Depictions of Minors Engaging in Sexually Explicit Conduct, in violation of 18 U.S.C. §§ 2252(a)(4)(B) and (b)(2). (Docket No. 1.)

The Government proffers that it will establish the following evidence at trial.

> [F]rom at least 2011 through the Defendant's arrest on April 29, 2015, a conspiracy existed between the Defendant, his then-wife Angela Taylor, his friend and employer Jared Fogle, and his friends D.L. and R.S. The purpose of the conspiracy was to possess child pornography to fulfill the deviant sexual desires of the members of the conspiracy. To that end, the Defendant and Angela worked together to place hidden cameras in their residence in order to surreptitiously record minor children fully nude with their genitals exposed and/or engaging in sexual behavior. In addition to reviewing the hidden camera footage himself and with Angela, the Defendant also distributed some of the images and videos that were produced in his home to Angela, to Fogle, and to his other friends and associates, D.L. and R.S.
>
> At trial, the evidence will show that following a complaint from Jane Doe, a friend and former sexual partner of the Defendant and Angela, a search warrant was executed at the Defendant's house at 1304 Salem Creek Boulevard, Indianapolis, Indiana. During the search, officers found child pornography on multiple electronic devices in the residence, including images and videos that appeared to have been created in the residence. Based on the camera angles of some of the videos, officers determined that there were likely hidden cameras in the house. And, in fact, hidden cameras designed to look like clocks were found in the master bedroom and the upstairs hall bathroom
>
> The officers were able to identify, and interview, the minor children depicted in the images and videos.

([Filing No. 34 at 3-4](#)) (footnotes omitted).

The Government describes in explicit detail the sexual activities depicted in the images and videos involving Minor Victims 1, 2, 3, 4, 5, 6, and 7; as well as the communications between Taylor, Angela Taylor, Jared Fogle ("Fogle"), D.L., or R.S concerning the images and videos.

Minor Victim 1 was a relative of Taylor who is depicted in more than ten videos that were created between 2012 and 2014. In most of those videos, Minor Victim 1 was engaging in sexual activity either alone or with other individuals including Taylor. Minor Victim 1 was interviewed by investigators and she disclosed that she had sexual contact with Taylor approximately five times beginning when she was fifteen years old. There are also numerous text messages between Taylor and Angela Taylor, between Taylor and Fogle, and between Taylor and R.S. discussing the sexual abuse of Minor Victim 1.

Minor Victim 2 is shown in the video depicting a sex act between herself, Minor Victim 1, and Taylor. Minor Victim 2 will corroborate Minor Victim 1's testimony about engaging in a threesome with Taylor and Minor Victim 1.

Minor Victim 3 is Angela Taylor's daughter and investigators uncovered approximately sixty-five surreptitiously recorded videos of Minor Victim 3, produced between approximately 2012 and 2015, on Taylor's electronic devices. There are numerous text messages about Minor Victim 3 in which Taylor discussed his sexual interest in Minor Victim 3 with Angela Taylor. Text messages between Taylor and Angela reveal that they both contemplated drugging Minor Victim 3 so that they could sexually exploit her. In addition, text messages between Taylor and Angela Taylor illustrate their shared interest with Minor Victim 3 and their desire to see nude photographs of Minor Victim 3 to determine whether Minor Victim 3 had pubic hair. Angela Taylor sent Taylor photographs of Minor Victim 3 in a swimsuit on June 21, 2012. And on September 9, 2012, Taylor sent Angela Taylor footage from the hidden cameras, including nude image screenshot of one of the files charged in Count 14 of the indictment:

Minor Victim 4 was a friend of Minor Victim 3. The Government alleges that Taylor used Minor Victim 3 as bait to lure Minor Victim 4 to Indianapolis, Indiana in order to surreptitiously record her while she was fully or partially nude. Text messages between the Taylor and Fogle, Taylor and D.L., and Taylor and R.S. document the group's sexual attraction to Minor Victim 4.

Minor Victim 5 is Angela Taylor's other daughter. She received text messages and other electronic evidence from Taylor which depict his sexual interest in Minor Victim 5. This included a photograph that Taylor took of his erect penis held up to a picture of Minor Victim 5's face. Minor Victim 5 will testify that Taylor and Angela Taylor left sex toys around the house, which Taylor encouraged Minor Victim 5 to use to masturbate. Indeed, there are text messages in which Taylor

and Angela Taylor discuss their hopes of getting Minor Victim 5 to masturbate in front of a hidden camera. There are numerous text messages between Taylor and Angela Taylor discussing their sexual attraction to Minor Victim 5 and their collaboration in producing child pornography involving Minor Victim 5.

Minor Victim 6, a friend of Minor Victim 5, is depicted in a series of videos where Minor Victim 5 and Minor Victim 6 are seen masturbating. Minor Victim 6 will testify that Taylor provided her with alcohol when she was a guest at his house and left sex toys and vibrating wands around his house.

Minor Victim 7, a friend of Minor Victim 3, is recorded by a hidden camera in the bathroom on the same day as Minor Victim 3. Minor Victim 7 will testify that she was provided with alcohol by Taylor and by Angela Taylor. Text messages between Taylor with Angela Taylor indicate that Taylor was sexually attracted to Minor Victim 7.

Minor Victim 8 was another friend of Minor Victim 5 who will also testify that she was provided with alcohol by the Defendant.

Minor Victim 9 is a relative of Angela Taylor's. Minor Victim 9 will testify that when she was 9 years old, she was molested by Angela Taylor at the residence that Angela Taylor shared with Taylor. Text messages between Angela and Taylor document their shared sexual interest in Minor Victim 9.

Based on the foregoing evidence, the Government contends a conspiracy to possess child pornography existed. As described in the Proffer, the Government seeks to introduce the co-conspirator statements, including statements made in text messages, by Angela Taylor, Fogle, D.L., or R.S. The Government acknowledges that in this case, Taylor is not charged with conspiracy in any of the 35 counts. However, the Government need not charge conspiracy in order to utilize co-

conspirator statements, they must only establish that a conspiracy existed. *United States v. Prieto*, 549 F.3d 513, 524 (7th Cir. 2008); *United States v. Skidmore*, 254 F.3d 635, 638 (7th Cir. 2001).

### III. CONCLUSION

Taylor has filed no objection to the conditional admission of the co-conspirator statements alleged in the Government's *Santiago* Proffer. The Court has reviewed the Proffer in detail. The Proffer sets forth a coherent and facially plausible story that does not, at the present time, appear to be contradicted by extrinsic evidence. *See United States v. Brookins*, 52 F.3d 615, 623 (7th Cir. 1995). The Government's Proffer provides sufficient evidence to convince the Court by a preponderance of the evidence that: (1) a conspiracy existed; (2) the defendant and the declarant were members of the conspiracy; and (3) the statements were made during, and in furtherance of, the conspiracy. *United States v. Davis*, 845 F.3d 282, 286 (7th Cir. 2016). Therefore, the Court finds the Government's Proffer is sufficient for present purposes.

The co-conspirator statements summarized by the Government in its Proffer are hereby conditionally admitted pursuant to Rule 801(d)(2)(E) of the Federal Rules of Evidence at the trial of this matter, subject to Taylor's right to later object if the proffered evidence does not materialize. Further, nothing in this Entry precludes the Court's ability to divert from these preliminary findings based on evidence produced at trial. The Government's *Santiago* Proffer, (Filing No. 34), is conditionally **accepted**.

**SO ORDERED.**

Date: 1/25/2021

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Jeremy Brian Gordon
LAW OFFICE OF JEREMY GORDON
jeremy@gordondefense.com

Zachary Lee Newland
JEREMY GORDON, PLLC
zach@gordondefense.com

Bradley Paul Shepard
UNITED STATES ATTORNEY'S OFFICE
brad.shepard@usdoj.gov

Kathryn E. Olivier
UNITED STATES ATTORNEY'S OFFICE
kathryn.olivier@usdoj.gov