# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:20-cr-00116-TWP-DML |
| | ) |
| RUSSELL TAYLOR, | ) |
| | ) |
| Defendant. | ) |

## ENTRY ON GOVERNMENT'S MOTION *IN LIMINE*

This mater is before the Court on the Government's Motion *in Limine* pursuant to Rule 609 of the Federal Rules of Evidence (Filing No. 33). Defendant Russell Taylor ("Taylor") is charged in a thirty-four count Indictment with Sexual Exploitation of a Minor and Attempted Sexual Exploitation of a Minor, Coercion and Enticement, Distribution of Visual Depictions of a Minor Engaging in Sexually Explicit Conduct, Receipt of Visual Depictions of Minors Engaging in Sexually Explicit Conduct, Possession of Visual Depictions of Minors Engaging in Sexually Explicit Conduct, and Conspiracy to Possess Visual Depictions of Minors Engaging in Sexually Explicit Conduct. (Filing No. 1.) The Government seeks an order limiting cross-examination of the minor victims regarding their criminal history in accordance with Rule 609(a). For the reasons set forth herein, the Court **grants** the Government's Motion.

## I. BACKGROUND

Taylor's jury trial is scheduled to begin on Monday, May 3, 2021. In its case-in-chief, the Government anticipates calling as witnesses four minor victims who have criminal histories. The Government requests that the Court issue an order limiting any cross-examination of these witnesses regarding their criminal history to: (1) the particular felony charged; (2) the date of the

conviction; and (3) the disposition of the case. In particular, the Government proffers the following witnesses have the following criminal histories:

**A.     Minor Victim 1.**

On November 19, 2014, Minor Victim 1 was convicted of misdemeanor Possession of Marijuana in Marion County, Indiana in Case Number 49G08-1409-CM-45005. Minor Victim 1 was sentenced to 180 days in jail with 176 days suspended. On January 28, 2019, Minor Victim 1 was convicted of misdemeanor Theft in violation of Ind. Code § 35-43-4-2(a) in Hendricks County, Indiana in Case Number 32D02-1806-CM-827. On August 5, 2019, Minor Victim 1 was convicted of misdemeanor Possession of Cocaine in Hendricks County, Indiana in Case Number 32D02-1902-F6-147. She was sentenced to 365 days in jail with 349 days suspended to probation. On June 22, 2020, a probation violation was filed against Minor Victim 1, she admitted to the probation violation on October 20, 2020 and was sentenced to 140 days in jail. On May 11, 2020, Minor Victim 1 was convicted of felony Possession of Methamphetamine in Washington County, Indiana under Case Number 88D01-2003-F6-218. She was sentenced to 94 days in jail.

**B.     Minor Victim 3.**

On August 26, 2019, Minor Victim 3 was convicted of misdemeanor Operating a Vehicle under the Influence of a Schedule I or II Controlled Substance in Wayne County, Indiana in Case Number 89D03-1907-CM-736. She was sentenced to 14 days in jail.

**C.     Minor Victim 4.**

On February 26, 2019, Minor Victim 4 was convicted of misdemeanor Possession of Marijuana in Wayne County, Indiana in Case Number 89D03-1901-CM-26. She received a suspended sentence of 30 days.

**D.     Minor Victim 6.**

On August 8, 2017, Minor Victim 6 was convicted of misdemeanor Possession of Marijuana in Cook County, Georgia. She was sentenced to 1 year of probation, 40 hours of community service, and a $500.00 fine. Minor Victim 6 successfully completed her probation on April 24, 2018.

## I.     LEGAL STANDARD

"[J]udges have broad discretion in ruling on evidentiary questions during trial or before on motions in *limine*." *Jenkins v. Chrysler Motors Corp.*, 316 F.3d 663, 664 (7th Cir. 2002). This Court has the power to exclude evidence *in limine* only when evidence is clearly inadmissible on all potential grounds. *Luce v. United States*, 469 U.S. 38, 41 (1984) (federal district courts have authority to make *in limine* rulings pursuant to their authority to manage trials). *See Hawthorne Partners v. AT&T Technologies, Inc.*, 831 F. Supp. 1398, 1400 (N.D. Ill. 1993). Unless evidence meets this exacting standard, evidentiary rulings must be deferred until trial so questions of foundation, relevancy, and prejudice may be resolved in context. *Id.* at 1400-01. Moreover, denial of a motion *in limine* does not necessarily mean that all evidence contemplated by the motion is admissible; rather, it only means that, at the pretrial stage, the court is unable to determine whether the evidence should be excluded. *Id.* at 1401.

Federal Rule of Evidence 609 allows the admission of evidence of a prior criminal conviction when used to impeach a witness. Rule 609(a) states that when attacking a witness' truthfulness for a crime that was punishable for more than one year, the evidence

> must be admitted, subject to Rule 403, . . . in a criminal case in which the witness is not a defendant . . . ; and . . . for any crime regardless of the punishment, the evidence must be admitted if the court can readily determine that establishing the elements of the crime required proving – or the witness's admitting – a dishonest act or false statement.

Fed. R. Evid. 609(a) (1)(A).

In general, witnesses may only be impeached with convictions for felony offenses or convictions for misdemeanors that involve dishonesty or false statements. *United States v. Galati*, 230 F.3d 254, 261 (7th Cir. 2000). "This is true whether it is the defendant being impeached or a witness being impeached." *United States v. Smith*, 454 F.3d 707, 716 (7th Cir. 2006). A limiting instruction which tells the jury that the prior convictions may only be used in determining the credibility of the defendant reduces the prejudicial effect of admission. *United States v. Redditt*, 381 F.3d 597, 601 (7th Cir. 2004).

## II. DISCUSSION

On December 4, 2020, the Government filed its Motion in *Limine* ([Filing No. 33](#)). Defendant Taylor was ordered to file any response to the Motion in *Limine* no later than December 18, 2020 ([Filing No. 35](#)). Taylor did not file a response to the Motion, so it is now ripe for the Court's consideration.

The Government contends the only qualifying conviction of its four proffered witnesses is Minor Victim 1's May 11, 2020 conviction for felony possession of methamphetamine. With respect to this conviction, the Government requests that the Court enter an order limiting cross-examination of Minor Victim 1 regarding her criminal history to the name of the crime charged (possession of methamphetamine), the date (May 11, 2020), and the disposition of the case (a conviction). ([Filing No. 33 at 4](#).) The Government argues that Minor Victim 1's remaining criminal history, including her conviction for misdemeanor theft, is not admissible because this conviction does not include an element fraud. *Id.*

With respect to Minor Victims 3, 4, and 6, the Government argues their criminal histories are not admissible under Rule 609(a), as the convictions were not for felonies or misdemeanors

involving dishonesty or false statements.  Thus, the Government requests that the Court enter an order precluding any discussion of these witnesses' criminal histories at trial.

Taylor has not filed a response in opposition to the Government's request *in limine*.  Having reviewed the Government's submission and balancing the factors at this stage of the proceedings, the Court determines the probative value of Minor Victim 1's prior conviction for felony Possession of Methamphetamine outweighs any unfair prejudice.  The Court further determines that questioning concerning the admissible impeachment evidence for Minor Victim 1 should be limited to the name of the crime charged, the date of the conviction, and the disposition of the case. *See United States v. Fawley*, 137 F.3d 458, 473 (7th Cir. 1988) (limiting cross-examination of witness regarding his criminal history to whether the witness had previously been convicted of a felony, the nature of his felony conviction, and when the conviction occurred); *see also United States v. Robinson*, 8 F.3d 398, 409 (7th Cir. 1993) (stating that cross-examination of testifying defendant regarding his criminal history should have been limited to whether the defendant had previously been convicted of a felony, what that felony was, and when the conviction was obtained).  With respect to Minor Victims 3, 4, and 6, the Court determines that their misdemeanor criminal histories are not admissible under Rule 609(a).

### III.   CONCLUSION

For the reasons stated above, the Court **GRANTS** the Government's Motion *in Limine* regarding the Criminal Records of Minor Victims 1, 3, 4 and 6 ([Filing No. 33](#)).  The Court enters an order limiting any cross-examination of Minor Victim 1 regarding her criminal history to the name of the crime charged (possession of methamphetamine), the date (May 11, 2020), and the disposition of the case (a conviction).  The Court also enters an order limiting any cross-examination of the criminal histories of Minor Victims 3, 4, and 6, as their convictions are not

admissible under Rule 609(a). The Government shall file a **proposed limiting instruction** regarding Minor Victim 1's felony conviction in accordance with the pretrial schedule set by the Court.

An order in *limine* is not a final, appealable order. If the parties believe that evidence excluded by this Order becomes relevant or otherwise admissible during the course of the trial, counsel may approach the bench and request a hearing outside the presence of the jury. Likewise, if the parties believe that specific evidence is inadmissible during the course of the trial, counsel may raise specific objections to that evidence.

**SO ORDERED.**

Date:  3/1/2021

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Jeremy Brian Gordon
LAW OFFICE OF JEREMY GORDON
jeremy@gordondefense.com

Zachary Lee Newland
JEREMY GORDON, PLLC
zach@gordondefense.com

Bradley Paul Shepard
UNITED STATES ATTORNEY'S OFFICE
brad.shepard@usdoj.gov

Kathryn E. Olivier
UNITED STATES ATTORNEY'S OFFICE
kathryn.olivier@usdoj.gov