**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:20-cr-00116-TWP-DML |
| ) | |
| RUSSELL CHARLES TAYLOR, ) | |
| ) | |
| Defendant. ) | |

**ENTRY ON GOVERNMENT'S NOTICE OF INTENT TO USE EVIDENCE**
**UNDER RULES 414 AND 404**

This matter is before the Court on Plaintiff United States of America's ("the Government") Notice of Intent to Use Evidence Under Federal Rules of Evidence 414 and 404, (Filing No. 32). Defendant Russell Charles Taylor ("Taylor") is scheduled for jury trial beginning May 3, 2021, on multiple counts of Sexual Exploitation of a Minor and Attempted Sexual Exploitation of a Minor, Coercion and Enticement, and Distribution of Visual Depictions of a Minor Engaging in Sexually Explicit Conduct, one count of Receipt of Visual Depictions of Minors Engaging in Sexually Explicit Conduct, one count of Possession of Visual Depictions of Minors Engaging in Sexually Explicit Conduct, and one count of Conspiracy to Possess Visual Depictions of Minors Engaging in Sexually Explicit Conduct. The Government intends to offer evidence of a sexually-explicit nature as direct evidence; and pursuant to Federal Rule of Evidence 404(b), seeks to offer evidence of intent, identity, and lack of mistake. And, pursuant to Federal Rule of Evidence 414, seeks to offer propensity evidence. For the reasons set forth below, the Government's Notice is **approved**.

## I.  BACKGROUND

On May 27, 2020, Taylor was charged in an 34-count Indictment with the following: twenty-four counts of sexual exploitation of a minor and attempted sexual exploitation of a minor in violation of 18 U.S.C. § 2251(a), (e); four counts of coercion and enticement in violation of 18 U.S.C. § 2422(b); three counts of distribution of visual depictions of a minor engaging in sexually explicit conduct in violation of 18 U.S.C. § 2252(a)(2); one count of receipt of visual depictions of minors engaging in sexually explicit conduct in violation of 18 U.S.C. § 2252(a)(2); one count of possession of visual depictions of minors engaging in sexually explicit conduct in violation of 18 U.S.C. § 2252(a)(4); and one count of conspiracy to possess visual depictions of minors engaging in sexually explicit conduct in violation of 18 U.S.C. § 2252(a)(4), (Filing No. 1).

Taylor is charged, alone and in conspiracy with other individuals, with sexually exploiting multiple minor children between approximately 2011 and 2015. Taylor is charged with using hidden cameras in his residence to surreptitiously record minor children in the bathroom, changing clothes, and engaging in sexual activity. The victims consist of members of Taylor's family as well as friends of those family members. Several of the victims have disclosed instances of hands-on sexual abuse by Taylor.

The Government proffers evidence from multiple minor victims who will testify about Taylor's conduct toward them. Minor Victim 1 will testify that Taylor provided her with alcohol and suggested that she masturbate on a video chat website. When Minor Victim 1 complied, Taylor recorded this with a hidden camera. Taylor paid for sexual activity with Minor Victim 1, which involved masturbation, oral sex, and group sex, and videos exist of Minor Victim 1 engaging in sexual activity. Taylor sent and received numerous text messages with other individuals discussing the sexual abuse of Minor Victim 1 and her age. Minor Victim 1 also will testify of

Taylor's threats and that he encouraged her to bring friends to his house to engage in sexual activity, which led to Minor Victim 2 becoming involved.

The Government proffers evidence of expected testimony from Minor Victim 3 that she met Taylor when she was 10 years old, Taylor mocked her for being a virgin at age 12, and he talked with her about sexual consent laws. Taylor gave her drugs and alcohol on multiple occasions. Text messages between Taylor and his now-ex-wife discussed their desire to sexually exploit Minor Victim 3, who is the daughter of Taylor's now-ex-wife, and obtain nude photographs of her. Minor Victim 3 will testify that, while she was on vacation with Taylor, he ejaculated on her while she was sleeping. Other text messages reveal that hidden cameras captured images and videos of Minor Victim 3. Taylor sent a photograph of his exposed penis to Minor Victim 3 via Snapchat, and Minor Victim 3 was 13 years old when a fully nude photograph of her was captured on a hidden camera.

The Government proffers evidence of expected testimony from Minor Victim 5, who is another daughter of Taylor's now-ex-wife, that she met Taylor when she was 13 years old. Taylor would encourage Minor Victim 5 to go into the home office, get onto a video chat website, and engage in sexual activity by exposing her breasts or masturbating. Minor Victim 5 also will testify that Taylor and his ex-wife left sex toys around the house, which Taylor encouraged Minor Victim 5 to use to masturbate. Taylor's text messages confirm this, and his desire to capture it on a hidden camera. Minor Victim 5 will testify that Taylor used a back massager on her and placed it on her buttocks. Taylor frequently talked about sex and masturbation with her and asked her if she would have sex with his adult friends once she turned 16. Taylor sent a photograph of his exposed penis to Minor Victim 5 via Snapchat when she was 14 or 15 years old. Taylor's text messages discuss

trying to watch Minor Victim 5 and her boyfriend engaged in sexual activity as well as trying to watch Minor Victim 5 masturbate.

Additionally, the Government proffers evidence of expected testimony from Minor Victim 9, who is a relative of Taylor's now-ex-wife. Minor Victim 9 was 9 years old when she stayed with Taylor and his now ex-wife at their home. Together, they watched a movie with nudity and sex scenes, and then Minor Victim 9 slept in the same bed as Taylor and his ex-wife because she was afraid to be alone in an unfamiliar house. In the middle of the night, Minor Victim 9 felt an arm touching her breasts, upper thighs, and vagina. The next morning, Minor Victim 9 brought this up to Taylor's ex-wife, and she denied touching her. Later that morning, Taylor and his ex-wife took Minor Victim 9 shopping and bought her multiple new outfits and other things. Taylor's text messages confirm his sexual interest in Minor Victim 9.

The Government expects testimony from Minor Victim 7, who was friends with Minor Victims 3 and 5, that Taylor and his ex-wife provided alcohol to her on multiple occasions, and she blacked out with Minor Victim 3 when Taylor provided them with drinks on one occasion. Taylor's text messages indicate that he was sexually attracted to Minor Victim 7, and he set up Minor Victim 7 to see pornography on his television when she came to his house. Minor Victim 7 will testify that Taylor video chatted with her on one occasion, during which time he showed her his penis and asked her to expose her breasts.

The Government expects testimony from Minor Victim 4, who was friends with Minor Victim 3, that she went to Taylor's house for the first time when she was 13 years old. During this first visit to Taylor's house, he offered Minor Victim 4 alcohol and drugs and asked about her sex life. Taylor captured a nude recording of her while she was changing her clothes in Minor Victim 3's bedroom. Taylor used the recording to create a nude image of Minor Victim 4 and sent it via

text message to others. The following day, Minor Victim 4 was recorded with a hidden camera while she undressed and showered in the bathroom. Taylor used this recording to make additional nude images of Minor Victim 4. Minor Victim 4 returned to Taylor's house on New Year's Eve 2014, where he again offered her drugs and alcohol. Taylor drove Minor Victim 4 and her boyfriend back to Connersville, Indiana on January 1, 2015, and while driving, Taylor talked about having Minor Victim 4 and her boyfriend come to his house for a swinger sex party. Taylor sent and received text messages among his friends that indicated their sexual attraction to Minor Victim 4.

The Government also expects to offer testimony from Minor Victims 6 and 8, who will testify that Taylor provided them with alcohol and offered them drugs in an effort to groom them. The Government proffers all of this evidence as direct evidence of the crimes charged; as evidence under Rule 404(b) of intent, identity, and lack of mistake; or as propensity evidence under Rule 414.

## II.　LEGAL STANDARD

Federal Rule of Evidence 404(b)(1) states that "[e]vidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." F.R.E. 404(b)(1). Rule 404(b)(2) allows evidence of a crime, wrong, or other act when it is used "for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." F.R.E. 404(b)(2). The Seventh Circuit has provided a four-part test to be used in 404(b) determinations. Courts are to consider whether: (1) the evidence is directed toward establishing a matter in issue other than the defendant's propensity to commit the crime charged; (2) the evidence shows that the other act is similar enough and close enough in time to be relevant to the matter at

5

issue; (3) the evidence is sufficient to support a jury finding that the defendant committed the similar act; and (4) the probative value of the evidence is not substantially outweighed by the danger of unfair prejudice. *See United States v. Howard*, 692 F.3d 697, 703 (7th Cir. 2012).

Federal Rule of Evidence 414 states, "In a criminal case in which a defendant is accused of child molestation, the court may admit evidence that the defendant committed any other child molestation. The evidence may be considered on any matter to which it is relevant." F.R.E. 414(a). For evidence to be admissible pursuant to Rule 414, the defendant must be accused of child molestation, and the evidence offered must be evidence that defendant committed a prior offense of child molestation. *See United States v. Rogers*, 587 F.3d 816, 819–20 (7th Cir. 2009). Rule 414 constitutes an exception to the rule that evidence of prior bad acts is inadmissible to show a defendant's propensity to commit the offense charged in child molestation cases. *See id.* at 822–23. In other words, Rule 414 and its counterpart, Rule 413, effectively override the propensity bar in Rule 404(b)(1) in sexual assault or child molestation cases. *United States v. Stokes*, 726 F.3d 880, 896 (7th Cir. 2013).

### III. DISCUSSION

On December 4, 2020, the Government filed its Notice of Intent to Use Evidence Under Federal Rules of Evidence 414 and 404, ([Filing No. 32](#)). Taylor was ordered to file any response to the Notice no later than December 18, 2020, ([Filing No. 35](#)). Taylor has not filed a response to the Notice, which is ripe for the Court's consideration.

In the Notice, the Government explains that it intends to use the evidence discussed in the Background section above during trial. The Government points out that Federal Rule of Evidence 402 states that all relevant evidence is admissible, and foundational and contextual evidence can be offered as direct evidence of the crimes charged. Evidence is direct evidence when it tends to

prove the elements of the charged offense. Rule 404(b)'s prohibition does not apply to direct evidence of the crimes charged. *United States v. Ferrell*, 2015 WL 6774213, *8 (7th Cir. 2015).

> The Government asserts,
>
> All of the proffered evidence is direct evidence of the crimes charged. The acts of sexual intercourse with Minor Victim 1; the ejaculation onto Minor Victim 3 while she was sleeping; the molestation of Minor Victim 9; the solicitation of Minor Victims 4 and 5 to engage in group sex or swinger-type activity; the video chat with Minor Victim 7 and Snapchat with Minor Victims 3 and 5 in which the Defendant exposed his penis and requested a picture of Minor Victim 7's breasts; and the drugging of Minor Victims 3 and 7 all show the sexual intent of the Defendant towards the victims. The uncharged images of child pornography of Minor Victim 4 are the "parent files" of the charged conduct and are thus part of the crime.

([Filing No. 32 at 38](#).)

> The Government contends,
>
> The text messages are additional evidence of the Defendant's intent, and they also establish the Defendant's knowledge of the victims' ages, an element of the § 2252 and § 2422 charges. The text messages also prove concerted action by the Defendant and others and therefore establish the existence of the charged conspiracy.
>
> The evidence of grooming – the discussions about sex including the age of consent and Indiana's "Romeo and Juliet" law; pornography playing on the television; purchasing gifts after a molestation; and the providing of alcohol and drugs – are all direct evidence of how the Defendant lowered the guard, and gained trust, of the victims.
>
> Finally, the threats toward Minor Victim 1 are evidence of consciousness of guilt – and indicate that the Defendant was well-aware that his actions were illegal.

*Id.*

In its Notice, the Government also seeks to offer evidence under Rule 414, which allows admission of evidence of other child molestation committed by a defendant in a case where the defendant is accused of child molestation.

"Child molestation" means "any conduct prohibited by 18 U.S.C. chapter 110." F.R.E. 414(d)(2)(B). Sexual exploitation of a minor and distribution, receipt, and possession of visual

7

depictions of minors engaging in sexually explicit conduct are within the definition of child molestation because these offenses are part of Title 18, chapter 110. Furthermore, attempts and conspiracies to commit substantive child molestation offenses also are included in Rule 414. *See* F.R.E. 414(d)(2)(F). For evidence to qualify under Rule 414, the victim must have been under the age of 14. *See* F.R.E. 414(d)(1).

The Government proffers that Minor Victim 3 turned 14 years old nine days before the search warrant was executed at Taylor's house in 2015, and Minor Victim 9 was only 9 years old when Taylor was arrested. Because both victims were under the age of 14 at the time of the conduct charged in the Indictment and at the time of the acts the Government is seeking to admit evidence of sex acts committed by Taylor pursuant to Rule 414. Regarding Minor Victim 3, she was approximately 12 years old when Taylor ejaculated on her while on vacation, and she was only 11 years old when Taylor created additional uncharged images of child pornography of her and then texted these images to Angela Baldwin (Taylor's now-ex-wife). Regarding Minor Victim 9, she was only 9 years old when she was molested in Taylor's shared bed in Taylor's house. Thus, the Government argues, each of these incidents qualify for admission under Rule 414. Likewise, the Government proffers that Minor Victim 4 was 13 years old when she was recorded changing in Minor Victim 3's bedroom, and this uncharged incident of sexual exploitation of a minor also is admissible pursuant to Rule 414.

Regarding the admissibility of evidence under Rule 404(b), the Government asserts that it seeks to offer evidence of other bad acts for purposes other than showing a propensity to commit the crimes charged. In addition to being direct evidence of the charged crimes, the Government contends that all of its proffered evidence is also admissible pursuant to Rule 404(b) because it establishes Taylor's intent, identity, and lack of mistake.

Finally, the Government argues that, in weighing the probative value of the proffered evidence against any danger of unfair prejudice, confusing the issues, or misleading the jury under Rule 403, the Court can easily decide that the probative value of the proffered evidence outweighs any unfair prejudice, confusing the issues, or misleading the jury. Child pornography is prejudicial, but it is not unfairly prejudicial. The proffered evidence is relevant and admissible as direct evidence of the charged crimes, as propensity evidence under Rule 414, and as evidence of Taylor's intent, identity, and lack of mistake under Rule 404(b)(2).

As noted above, Taylor did not file a response to the Government's Notice of Intent to Use Evidence Under Federal Rules of Evidence 414 and 404. The Court is persuaded that each of the arguments presented by the Government under Rules 402, 403, 404, and 414 are well-taken and supported by controlling circuit case law. Much of the proffered evidence is indeed direct evidence of the crimes charged and is thus admissible. Uncharged acts that have been proffered in the Government's Notice regarding Minor Victims 3, 4, and 9 occurred when the victims where under 14 years old and qualify as "child molestation," and the charged acts meet the same qualifications, so that proffered evidence is admissible under Rule 414. Furthermore, the Court agrees with the Government that the proffered evidence also tends to show Taylor's intent, identity, and lack of mistake as well as Taylor's motive, preparation, plan, and knowledge thereby permitting its use under Rule 404(b)(2).

The probative value of the proffered evidence is extremely high. It provides direct evidence of the charged crimes. It also provides necessary context to help explain the relationship among Taylor and the minor victims, establishes their motives for acting as they did, and undermines any possible inference that Taylor's actions or possession, receipt, and distribution of the offending images were the result of an accident or mistake. Having considered the Rule 403

balancing, given the nature and elements of the charges in the Indictment, the Court does not see any *unfair* prejudice in the proffered evidence.

## IV.     CONCLUSION

For the reasons stated herein, the Court **APPROVES** the evidentiary proffers contained in the Government's Notice of Intent to Use Evidence Under Federal Rules of Evidence 414 and 404 ([Filing No. 32](#)).  The Court is willing to give a limiting instruction during the trial at the time 404(b) evidence is introduced, upon request of defense counsel. The Seventh Circuit has "caution[ed] against judicial freelancing in this area." *United States v. Gomez*, 763 F.3d 845, 860 (7th Cir. 2014).  In some situations, the defense may prefer "to let the evidence come in without the added emphasis of a limiting instruction," and if so the judge should not preempt this.  *Id.*; *see also United States v. Lawson*, 776 F.3d 519, 522 (7th Cir. 2015) ("[T]he choice whether to give a limiting instruction rests with the defense, which may decide that the less said about the evidence the better.").  Defendant's counsel shall file **a proposed limiting instruction** by no later than **Thursday, April 1, 2021**, if they intend to request any limiting instruction during trial.

SO ORDERED.

Date:  3/3/2021

_____
Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Jeremy Brian Gordon
LAW OFFICE OF JEREMY GORDON
jeremy@gordondefense.com

Kathryn E. Olivier
UNITED STATES ATTORNEY'S OFFICE
kathryn.olivier@usdoj.gov

Zachary Lee Newland
JEREMY GORDON, PLLC
zach@gordondefense.com

Bradley Paul Shepard
UNITED STATES ATTORNEY'S OFFICE
brad.shepard@usdoj.gov