UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:20-cr-00116-TWP-DML |
| | ) |
| RUSSELL CHARLES TAYLOR, | ) -01 |
| | ) |
| Defendant. | ) |

**ENTRY ON GOVERNMENT'S FOURTH MOTION IN *LIMINE*** 

This matter is before the Court on Plaintiff United States of America's ("Government") Fourth Motion in *Limine* (Filing No. 48). Defendant Russell Charles Taylor ("Taylor") is scheduled for a jury trial on July 19, 2021. On March 10, 2021, the Government filed the instant motion seeking a preliminary order regarding statements made by Taylor during proffer sessions in 2015. *Id*. Taylor was ordered to file a response, if any, by no later than March 24, 2021 (Filing No. 49). Taylor requested a two-day extension of time for filing a response, which the Court granted (Filing No. 50; Filing No. 51). The Court granted an additional extension of time to April 30, 2021, for Taylor to respond to the Fourth Motion in *Limine* (Filing No. 55). However, Taylor did not file a response to the Motion, so it is now ripe for the Court's consideration.

For the following reasons, the Motion is **granted**.

## I.    LEGAL STANDARD

"[J]udges have broad discretion in ruling on evidentiary questions during trial or before on motions in *limine*." *Jenkins v. Chrysler Motors Corp.*, 316 F.3d 663, 664 (7th Cir. 2002). The Court excludes evidence on a motion in *limine* only if the evidence clearly is not admissible for any purpose. *See Hawthorne Partners v. AT&T Technologies, Inc.*, 831 F. Supp. 1398, 1400 (N.D.

Ill. 1993). Unless evidence meets this exacting standard, evidentiary rulings must be deferred until trial so questions of foundation, relevancy, and prejudice may be resolved in context. *Id.* at 1400–01. Moreover, denial of a motion in *limine* does not necessarily mean that all evidence contemplated by the motion is admissible; rather, it only means that, at the pretrial stage, the Court is unable to determine whether the evidence should be excluded. *Id.* at 1401.

## II.   DISCUSSION

In 2015, Taylor was arrested and charged by way of criminal complaint with 7 counts of producing child pornography, in violation of 18 U.S.C. § 2251(a), and 1 count of possession of child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B). (See Docket No. 1 in Cause No. 1:15-cr-165-TWP-DKL).  After his arrest in 2015, Taylor entered into a proffer agreement with the Government and the proffer agreement included the following provision:

> 4. Notwithstanding paragraphs (2) and (3) above, the Government may use --
>
> . . .
>
> b. statements made by RUSSELL CHARLES TAYLOR at the meetings and all evidence obtained directly or indirectly from those statements for the purpose of cross-examination should [he] testify, or to rebut any evidence offered by or on behalf of RUSSELL CHARLES TAYLOR in connection with any trial and/or sentencing.

([Filing No. 48-1 at 1](#)–2.)  Thereafter, Taylor participated in proffer sessions with the Government on May 14, June 18, and August 17, 2015, during which he made statements relevant to the offenses charged in the Indictment. On December 10, 2015, Taylor pled guilty to several counts of sexual exploitation of minors and was sentenced to 324 months' imprisonment. On February 28, 2020, after extensive litigation, the undersigned entered an order vacating Taylor's conviction and granting him relief pursuant to 28 U.S.C. § 2255. (2015 ECF No. 63.) The Government promptly filed notice of intent to pursue prosecution.

On May 27, 2020, Taylor was charged in a 34-count Indictment with the following: twenty-four counts of sexual exploitation of a minor and attempted sexual exploitation of a minor in violation of 18 U.S.C. § 2251(a), (e), four counts of coercion and enticement in violation of 18 U.S.C. § 2422(b), three counts of distribution of visual depictions of a minor engaging in sexually explicit conduct in violation of 18 U.S.C. § 2252(a)(2), one count of receipt of visual depictions of minors engaging in sexually explicit conduct in violation of 18 U.S.C. § 2252(a)(2), one count of possession of visual depictions of minors engaging in sexually explicit conduct in violation of 18 U.S.C. § 2252(a)(4), and one count of conspiracy to possess visual depictions of minors engaging in sexually explicit conduct in violation of 18 U.S.C. § 2252(a)(4) (Filing No. 1). The charges surround events that allegedly occurred between 2011 and 2015. Specifically, Taylor is charged with using hidden cameras in his residence to surreptitiously record minor children in the bathroom, changing clothes, and engaging in sexual activity. The victims consist of members of Taylor's family as well as friends of those family members. Several of the victims have disclosed instances of hands-on sexual abuse by Taylor.

The Government believes Taylor may offer testimony, make arguments, advance positions, or present evidence at trial that contradicts statements he made during the 2015 proffer sessions. If he does so, then the Government intends to use relevant statements from the proffer sessions for impeachment or rebuttal.

In its Motion, the Government asks the Court to preliminarily rule that, "if the Defendant offers testimony, makes arguments, advances positions, or presents evidence at trial that contradicts statements he made during proffer sessions on May 14, 2015, June 18, 2015, and August 17, 2015, then the Government may introduce the Defendant's statements from the 2015 proffer sessions." (Filing No. 48 at 1.)

The Government asserts and the Court agrees that proffer agreements are contracts and must be enforced according to their terms. *United States v. Reed*, 272 F.3d 950, 954 (7th Cir. 2001). The Seventh Circuit has held that if the Government establishes by a preponderance of the evidence that a defendant has contradicted his proffer statement, regardless of whether the defendant takes the stand and testifies, then the Government may introduce proffer statements at trial. *United States v. Williams*, 272 F.3d 845, 856 (7th Cir. 2001); *United States v. Richardson*, 130 F.3d 765, 778 (7th Cir. 1997); *United States v. Dortch*, 5 F.3d 1056, 1067–68 (7th Cir. 1993).

Taylor has not responded or otherwise opposed the motion *in limine*. The Government's position is well-taken and supported by controlling case law. Accordingly, the Motion is **granted**.

### III.   CONCLUSION

For the foregoing reasons, the Court **GRANTS** the Government's Fourth Motion in *Limine* ([Filing No. 48](#)). If, during trial, Taylor offers testimony, makes arguments, advances positions, or presents evidence that contradicts statements he made during the 2015 proffer sessions, then the Government may introduce relevant statements from the proffer sessions for impeachment or rebuttal purposes.

An order in *limine* is not a final, appealable order. If the parties believe that specific evidence is inadmissible during the course of the trial, counsel may raise specific objections to that evidence.

**SO ORDERED.**

Date:   6/14/2021

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

Jeremy Brian Gordon
Law Office of Jeremy Gordon
jeremy@gordondefense.com

Zachary Lee Newland
JEREMY GORDON, PLLC
zach@gordondefense.com

Kathryn E. Olivier
UNITED STATES ATTORNEY'S OFFICE
kathryn.olivier@usdoj.gov

Bradley Paul Shepard
UNITED STATES ATTORNEY'S OFFICE
brad.shepard@usdoj.gov