UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| V. | ) | CAUSE NO. 1:20-cr-116-TWP-DML |
| | ) | |
| RUSSELL CHARLES TAYLOR, | ) | |
| | ) | |
| Defendant. | ) | |

## PETITION TO ENTER PLEA OF GUILTY AND PLEA AGREEMENT

The United States of America, by counsel, John E. Childress, Acting United States

Attorney for the Southern District of Indiana, and Kathryn E. Olivier and Bradley P. Shepard,

Assistant United States Attorneys (the "Government"), and the defendant, Russell Charles

Taylor (the "Defendant"), in person and by counsel, Zachary Newland and Jeremy Gordon,

hereby inform the Court that a Plea Agreement has been reached in this case pursuant to Federal

Rules of Criminal Procedure 11(a)(2) and (c)(1)(B). The following are its terms and conditions:

### Part 1: Guilty Plea and Charges

1.     **Plea of Guilty:** The Defendant petitions the Court for leave to enter and agrees to

enter a plea of guilty to the following offenses charged in the Indictment:

a.     Counts 1-3, 5, 8-11, 14-20, and 23-31 which all charge that the Defendant

committed the offense of Sexual Exploitation of a Minor and Attempted Sexual

Exploitation of a Minor, in violation of Title 18, United States Code, Sections 2251(a)

and (e).

b.     Counts 7, 21, and 22 which all charge that the Defendant committed the

offense of Distribution of Visual Depictions of Minors Engaging in Sexually Explicit

Conduct, in violation of Title 18, United States Code, Section 2252(a)(2).

      **c.**      Count 32 which charges that the Defendant committed the offense of

Receipt of Visual Depictions of Minors Engaging in Sexually Explicit Conduct, in

violation of Title 18, United States Code, Section 2252(a)(2).

      **d.**      Count 33 which charges that the Defendant committed the offense of

Possession of Visual Depictions of Minors Engaging in Sexually Explicit Conduct, in

violation of Title 18, United States Code, Section 2252(a)(4)(B).

      **e.**      Count 34 which charges that the Defendant committed the offense of

Conspiracy to Possess Visual Depictions of Minors Engaging in Sexually Explicit

Conduct, in violation of Title 18, United States Code, Sections 2252(a)(4)(B) and (b)(2).

    **2.**      **Dismissal of Counts:**  Following imposition of sentence, the Government will

move to dismiss Counts 4, 6, 12, and 13 of the Indictment.

    **3.**      **Potential Maximum Penalties:**  Counts 1-3, 5, 8-11, 14-20, and 23-31 are each

punishable by 15-30 years of imprisonment, a fine of up to $250,000, and supervised release of 5

years-life following any term of imprisonment.

      Counts 7, 21, 22, and 32 are each punishable by 5-20 years of imprisonment, a fine of up

to $250,000, and supervised release of 5 years-life following any term of imprisonment.

      Counts 33 and 34 are each punishable by up to 20 years of imprisonment, a fine of up to

$250,000, and supervised release of 5 years-life following any term of imprisonment.

    **4.**      **Elements of the Offense:**  To sustain the offenses charged in Counts 1-3, 5, 8-11,

14-20, and 23-31 of the Indictment, the Government must prove the following elements beyond a

reasonable doubt:

      **a.**      At the time, the minor victims identified in each respective count of the

Indictment were under the age of 18;

2

     **b.**     The Defendant, for the purpose of producing a visual depiction of such conduct, employed, used, persuaded, induced, enticed, or coerced the minor victims identified in each respective count of the Indictment to take part in sexually explicit conduct;

     **c.**     The Defendant knew, or had reason to know, that such visual depiction would be mailed or transported across state lines or in foreign commerce, or was produced using materials that has been mailed, shipped, or transported across state lines or in foreign commerce, or the visual depiction was mailed or actually transported across state lines or in foreign commerce.

To sustain the offenses charged in Counts 7, 21, and 22 of the Indictment, the Government must prove the following elements beyond a reasonable doubt:

     **d.**     The Defendant knowingly distributed a visual depiction using any means or facility of interstate or foreign commerce, or in or affecting foreign commerce, by any means including by computer;

     **e.**     The production of such visual depiction involved the use of a minor engaging in sexually explicit conduct;

     **f.**     Such visual depiction was of a minor engaged in sexually explicit conduct; and

     **g.**     The Defendant knew that at least one of the persons in such visual depiction was a minor and knew that the visual depiction was of such minor engaged in sexually explicit conduct.

To sustain the offense charged in Count 32 of the Indictment, the Government must prove the following elements beyond a reasonable doubt:

3

h.      The Defendant knowingly received a visual depiction using any means or facility of interstate or foreign commerce, or in or affecting foreign commerce, by any means including by computer;

i.      The production of such visual depiction involved the use of a minor engaging in sexually explicit conduct;

j.      Such visual depiction was of a minor engaged in sexually explicit conduct; and

k.      The Defendant knew that at least one of the persons in such visual depiction was a minor and knew that the visual depiction was of such minor engaged in sexually explicit conduct.

To sustain the offense charged in Count 33 of the Indictment, the Government must prove the following elements beyond a reasonable doubt:

l.      The Defendant knowingly possessed one or more image, film, videotape, or other matter that contained any visual depiction of a minor engaged in sexually explicit conduct;

m.      Such visual depiction had been mailed, shipped, or transported in interstate or foreign commerce, by any means including by computer, or was produced using materials that had been so mailed, shipped, or transported;

n.      The production of the visual depiction involved the user of a minor engaging in sexually explicit conduct; and

o.      The Defendant knew that the visual depiction involved the user of a minor engaging in sexually explicit conduct.

4

To sustain the offense charged in Count 34 of the Indictment, the Government must prove the following elements beyond a reasonable doubt:

      **p.**    The conspiracy as charged in Count 34 existed and;

      **q.**    The Defendant knowingly became a member of the conspiracy with an intent to advance the conspiracy.

<strong><u>Part 2:  General Provisions</u></strong>

**5.**    **Sentencing Court's Discretion Within Statutory Range:**  The Defendant agrees and understands that:  (a) the Court will use its discretion to fashion a sentence within the statutory range(s) set forth above; (b) the Court will consider the factors set forth in 18 U.S.C. § 3553(a) in determining the appropriate sentence within the statutory range; (c) the Court will also consult and take into account the United States Sentencing Guidelines ("Sentencing Guidelines" or "U.S.S.G.") in determining the appropriate sentence within the statutory range; (d) the Sentencing Guidelines are not mandatory or binding on the Court, but are advisory in nature; (e) restitution may be imposed; (f) by pleading "Guilty" to more than one offense (Count), the Court may order the sentences to be served consecutively one after another; (g) the final determination concerning the applicable advisory guideline calculation, criminal history category, and advisory sentencing guideline range will be made by the Court; and (h) by pleading "Guilty," the Court may impose the same punishment as if the defendant had plead "Not Guilty," had stood trial and been convicted by a jury.

**6.**    **Sentencing Court Not Bound by Guidelines or Recommendations:**  The Defendant acknowledges that this Plea Agreement is governed by Federal Rule of Criminal Procedure 11(c)(1)(B) and that the determination of the Defendant's sentence is within the discretion of the Court.  The Defendant understands that if the Court decides to impose a

5

sentence higher or lower than any recommendation of either party, or determines a different

advisory sentencing guideline range applies in this case, or decides to impose a sentence outside

of the advisory sentencing guideline range for any reason, then the Defendant will not be

permitted to withdraw this plea of guilty for that reason and will be bound by this plea of guilty.

      **7.**      **Plea Agreement Based on Information Presently Known:**  The Defendant

recognizes and understands that this Plea Agreement is based upon the information presently

known to the Government.  The Government agrees not to bring other federal charges against the

Defendant based on information currently known to the United States Attorney for the Southern

District of Indiana.

      The Government will inform the Court and the Defendant at the time of taking the

Defendant's plea whether the Government has obtained any information after the Plea

Agreement was signed that may warrant bringing other federal charges against the Defendant.

      **8.**      **No Protection from Prosecution for Unknown or Subsequent Offenses:**  The

Defendant acknowledges and agrees that nothing in this Plea Agreement shall protect the

Defendant in any way from prosecution for any offense not specifically covered by this Plea

Agreement, or not known to the United States Attorney for the Southern District of Indiana at

this time.  The Defendant further acknowledges and agrees that nothing in this Plea Agreement

shall protect the Defendant in any way from prosecution for any offense committed after the date

of this Plea Agreement.

      **9.**      **Rights Under Rule 11(b), Fed. R. Crim. P.:**  The Defendant understands that the

Government has the right, in a prosecution for perjury or false statement, to use against the

Defendant any statement that the Defendant gives under oath during the guilty plea colloquy.

The Defendant also understands that the Defendant has the right:  (a) to plead not guilty, or

6

having already so pleaded, the right to persist in that plea; (b) to a jury trial; (c) to be represented by counsel – and, if necessary, have the Court appoint counsel – at trial and at every other stage of the proceedings, including appeal; and (d) to confront and cross-examine adverse witnesses, to be protected from compelled self-incrimination, to testify and present evidence, and to compel the attendance of witnesses. The Defendant also understands that the Constitution guarantees the right to be considered for release until trial[1]; and if found guilty of the charges, the right to appeal the conviction on such charges to a higher court. The Defendant understands that if the Court accepts this plea of guilty, the Defendant waives all of these rights.

## Part 3: Sentence of Imprisonment

10. **Sentencing Recommendation Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B):** The parties have **not** agreed upon a specific sentence and may recommend any sentence authorized by statute. The parties reserve the right to present evidence and arguments concerning what they believe to be the appropriate sentence in this matter.

11. **Supervised Release:** Both parties reserve the right to present evidence and arguments concerning the duration of the period of supervised release and the terms and conditions of supervised release. The parties, however, agree that supervised release must be ordered for a period of at least 5 years, and up to the lifetime of the Defendant.

12. **Conditions of Supervised Release:** The parties understand and agree that the Court will determine which standard and special conditions of supervised release to apply in this case. The parties reserve the right to present evidence and arguments concerning these conditions. However, to assist the Court, the parties have carefully considered the factors listed

---

[1] Title 18, U.S.C. " 3141-3156, Release and Detention Pending Judicial Proceedings.

7

in 18 U.S.C. § 3553 and jointly recommend that the Court impose the Special Conditions of supervised release set forth below, in addition to any other Standard and Special Conditions which the Court deems appropriate in this case:

      a.     **Pornography Prohibition:** The Defendant shall not possess any obscene material, child pornography, child erotica, or nude images of minors. Any such material found in the Defendant's possession shall be considered contraband and may be confiscated by the probation officer. The parties agree that possessing such material would be detrimental to the Defendant's ability to avoid committing child pornography or related sex crimes in the future. The parties also make this recommendation based upon the Defendant's history and the criminal conduct in this case.

      b.     **Sexual Disorders Treatment:** The Defendant shall participate in a program of treatment for sexual disorders, including periodic polygraph examinations, as directed by the probation officer. The Court should authorize the release of the Presentence Investigation Report and available psychological evaluations to the mental health provider, as approved by the probation officer. The parties agree that such treatment would be beneficial to the Defendant and would help him to avoid committing child pornography crimes or related sex crimes in the future. The parties also make this recommendation based upon the Defendant's history and the criminal conduct in this case.

      c.     **No Unsupervised Meetings or Communications with Minors:** The Defendant shall not have any unsupervised meetings, non-incidental communications, activities, or visits with any minor, unless they have been disclosed to, and approved by the probation officer. In determining whether to approve such activities involving

8

members of the Defendant's family, the probation officer shall determine if the Defendant has notified the persons having custody of any such minors about the convictions in this case and the fact that the Defendant is under supervision. If this notification has been made, and if the person having custody consents to these activities, then this condition is not intended to prevent approval of the activity. The parties agree that this condition is appropriate based on the Defendant's history and the criminal conduct in this case. In addition, this condition is intended to help protect the public.

      **d.**     **Activity Restriction:** The Defendant shall not be employed in any position, or participate as a volunteer in any activity, that involves unsupervised meetings, non-incidental communications, activities, or visits with minors except as disclosed to the probation officer and approved by the Court. The parties agree that this condition is appropriate based on the Defendant's history and criminal conduct in this case. In addition, this condition is intended to help protect the public.

      **e.**     **Sex Offender Registration:** The Defendant shall register as a sex offender with the appropriate authorities of any state in which the Defendant resides, is employed, or attends school, as required by both federal and state law. *See, e.g.*, 18 U.S.C. § 3583(d) and 42 U.S.C. § 16913, *et seq.* The parties agree that this condition is appropriate based on the Defendant's history and the criminal conduct in this case. In addition, this condition is intended to help protect the public and is a requirement of federal law.

      **f.**     **Consent to Searches:** The Defendant shall submit to the search, by the probation officer, of his person, vehicle, office or business, residence, and property, including any computer systems, telephones, and Internet-enabled devices, whenever the

9

probation officer has a reasonable suspicion that a violation of a condition of supervision or other unlawful conduct may have occurred or may be underway involving the Defendant. Other law enforcement may assist as necessary. The Defendant shall submit to the seizure of contraband found by the probation officer. The Defendant shall warn other occupants that the premises may be subject to searches. The parties agree that this condition is appropriate based upon the Defendant's history and the criminal conduct in this case. In addition, this condition is intended to help protect the public.

      **g.**    **Computer Monitoring:** The Defendant shall consent, at the direction of the probation officer, to having installed on the Defendant's computers, telephones, electronic devices, and any hardware or software, systems to monitor the Defendant's use of these items. Monitoring will occur on both a random and a regular basis. The Defendant will warn other occupants or users of the existence of the monitoring hardware or software. To promote the effectiveness of this monitoring, the Defendant will disclose to the probation officer before he uses any computers, telephones, electronic devices, or any hardware or software. The Defendant may not access or use any undisclosed equipment. The parties agree that this condition is appropriate based upon the Defendant's history and the criminal conduct in this case. In addition, this condition is intended to help protect the public.

      **h.**    **DNA Sample:** The Defendant will provide a DNA sample as directed by the probation officer. The parties agree that this condition is required by federal law and is appropriate based upon the Defendant's history and the criminal conduct in this case. In addition, this condition is intended to help protect the public.

10

## Part 4:  Monetary Provisions and Forfeiture

13.     **Mandatory Special Assessment:**  The Defendant will pay a total of $8,000 on

the date of sentencing or as ordered by the Court to the Clerk, United States District Court,

which amount represents the mandatory special assessment fee imposed pursuant to 18 U.S.C. §§

3013 and 3014.

14.     **Fine:**  Both parties reserve the right to present evidence and argument concerning

the amount of any fine.

15.     **Restitution:**  The parties understand that federal law requires the payment of

restitution to the minor victims of the crimes charged in Counts 1-3, 5, 7-11, and 14-34 of the

Indictment.  Both parties reserve the right to present evidence and argument concerning the

amount of restitution.  The Defendant agrees that, while the District Court sets the payment

schedule, this schedule may be exceeded if and when the Defendant's financial circumstances

change.  In that event, and consistent with its statutory obligations, the Government may take any

and all actions necessary to collect the maximum amount of restitution in the most expeditious

manner available.

16.     **Obligation to Pay Financial Component of Sentence**:  If the Defendant is

unable to pay any financial component of the Defendant's sentence on the date of sentencing,

then the Defendant agrees that the payment of the financial component should be a condition of

supervised release.  The Defendant has a continuing obligation to pay the financial component of

the sentence.  The Defendant further agrees that as of the date of filing this Plea Agreement the

Defendant will provide all requested financial information, including privacy waivers, consents,

and releases requested by the Government to access records to verify the Defendant's financial

disclosures, to the Government for use in the collection of any fines, restitution, and money

11

judgments imposed by the Court and authorizes the Government to obtain credit reports relating

to the Defendant for use in the collection of any fines and restitution, and money judgments

imposed by the Court. The Defendant also authorizes the Government to inspect and copy all

financial documents and information held by the United States Probation Office. If the

Defendant is ever incarcerated in connection with this case, the Defendant may participate in the

Bureau of Prisons Inmate Financial Responsibility Program.

### Part 5: Factual Basis for Guilty Plea

17.     The parties stipulate and agree that the following facts establish a factual basis for

the Defendant's pleas of guilty to the offenses set forth in Paragraph 1, including all subparts,

above, and that the Government would be able to establish the following facts beyond a

reasonable doubt in the event this cause was to proceed to trial. The following information is

only a summary of the Government's evidence. This Plea Agreement is not intended to

foreclose the presentation of, and the Government reserves the right to present, additional

evidence at the time of sentencing.

      **a.**     On multiple dates, beginning in March 2011, and continuing until April

2015, the Defendant, alone and in conspiracy with other individuals, sexually exploited

multiple minor children by using hidden cameras in his residence to produce visual

depictions of minors engaging in sexually explicit conduct.

      **b.**     The Defendant knew that all of the minors shown in the visual depictions

were under the age of 18 because the minors were either members of the Defendant's

family or friends of those family members.

c.      None of the minors were aware that they were being filmed or recorded by the Defendant. Rather, the Defendant produced the visual depictions using hidden cameras set up in his residence.

**Minor Victim 1**

d.      Minor Victim 1 is a relative-in-law of the Defendant and is depicted in digital files DSCN1177.AVI, DSCN1178.AVI, DSCN1179.AVI, V2011051100008 (fcp1).mp4, IMG_5964.MOV, IMG_5965.MOV, capturedvideo.MOV, and IMG_6615.mov.

e.      Digital files DSCN1177.AVI, DSCN1178.AVI, and DSCN1179.AVI form the basis of Count 1 and depict Minor Victim 1 masturbating at a desk in front of a computer. At times during the videos, the camera zooms in on Minor Victim 1's naked breasts. In addition, at times during the videos, Minor Victim 1's nude genitals and nude buttocks are visible. Minor Victim 1 was shown DSCN1177.AVI, DSCN1178.AVI, and DSCN1179.AVI and identified herself in the files. Minor Victim 1 is approximately 14 years old in DSCN1177.AVI, DSCN1178.AVI, and DSCN1179.AVI.

f.      Digital file V2011051100008 (fcp1).mp4 forms the basis of Count 2. In V2011051100008 (fcp1).mp4, the camera is underneath a desk or table and is angled up so that Minor Victim 1 is visible fully nude in a chair. When Minor Victim 1 changes positions, her hand can be seen masturbating her nude genitals. At times during the video, Minor Victim 1's nude genitals are visible and are the focus of the camera. Minor Victim 1 was shown V2011051100008 (fcp1).mp4 and identified herself in the file. Minor Victim 1 is approximately 14 years old in V2011051100008 (fcp1).mp4.

13

g.    Digital files IMG_5964.MOV and IMG_5965.MOV form the basis of Count 3 and depict Minor Victim 1 fully nude and sitting in front of a laptop computer with the Defendant standing next to her.  The Defendant's erect penis is visible and Minor Victim 1 uses her hand to masturbate the Defendant's penis.  At times during the videos, the Defendant kisses Minor Victim 1 on the mouth, fondles Minor Victim 1's naked breasts, and begins fondling Minor Victim 1's genitals.  Minor Victim 1 was shown IMG_5964.MOV and IMG_5965.MOV and identified herself and the Defendant in the files.  Minor Victim 1 is approximately 16 years old in IMG_5964.MOV and IMG_5965.MOV.

h.    Digital files capturedvideo.MOV and IMG_6615.MOV form the basis of Count 5 and depict Minor Victim 1 masturbating and receiving digital and oral sex from the Defendant's ex-wife, Angela Taylor.[2]  Minor Victim 1 was shown the digital files capturedvideo.MOV and IMG_6615.mov and she identified herself and Angela in the files.  Minor Victim 1 is approximately 16 years old in capturedvideo.MOV and IMG_6615.mov.

i.    On or about December 30, 2012, the Defendant sent capturedvideo.MOV to Jared Fogle[3] via text message.  In the text message string, Minor Victim 1 and Angela are identified by their first names.

---

[2] Angela Taylor remarried and now uses the name Angela Baldwin.  *See United States v. Baldwin*, Cause No. 1:20-cr-270-TWP-DML.  For clarity's sake, the Government will refer to her as "Angela" in this Plea Agreement.

[3] *See United States v. Fogle*, Cause No. 1:15-cr-159-TWL-MJD.

14

### Minor Victim 1 and Minor Victim 2

**j.**     Minor Victim 2 is a friend of Minor Victim 1. Minor Victim 1 and Minor Victim 2 are both depicted in digital files WVS S005965.7990000-0400 D150469 A53333 F17 E.wmv and video2.mov.

**k.**     Digital file WVS S005956.7990000-0400 D1560469 A53333 F17 E.wmv forms the basis of Counts 8 and 9 and depicts Minor Victim 1 and Minor Victim 2 fully nude and standing in front of a laptop computer. At times during the videos, Minor Victim 1 and Minor Victim 2 masturbate each other's nude genitals with their hands. Minor Victim 1 and Minor Victim 2's nude genitals are fully visible to the camera at various times during the video. Minor Victim 1 and Minor Victim 2 were both shown WVS S005956.7990000-0400 D1560469 A53333 F17 E.wmv and they both identified themselves and each other in the file. Minor Victim 1 is approximately 15 years old in WVS S005956.7990000-0400 D1560469 A53333 F17 E.wmv. Minor Victim 2 is approximately 16 years old in WVS S005956.7990000-0400 D1560469 A53333 F17 E.wmv.

**l.**     Digital file video2.mov forms the basis of Counts 10 and 11 and depicts Minor Victim 1 and Minor Victim 2 fully nude in bed with the Defendant. One of the minors is performing oral sex on the Defendant while the Defendant fondles the other minor's nude breasts. Minor Victim 1 and Minor Victim 2 were both shown this digital file, and they both identified themselves, each other, and the Defendant in the file. Minor Victim 1 and Minor Victim 2 both described what is depicted in digital file video2.mov as a "threesome" with the Defendant. Minor Victim 1 is approximately 16 years old in video2.mov. Minor Victim 2 is approximately 17 years old in video2.mov.

15

**Minor Victim 3**

m.      Minor Victim 3 is the Defendant's former step-daughter.  Minor Victim 3 is depicted in digital files V2012090300037.AVI, V2012090300038.AVI, V2013033100012.AVI, V2013033100013.AVI, V2013041400016.AVI, V2014063000101.AVI, IMG_3125.MOV, and V2014100300008.AVI.

n.      Digital files V2012090300037.AVI and V2012090300038.AVI form the basis of Count 14 and were surreptitiously recorded in a bathroom and depict Minor Victim 3 fully nude with her public area visible to the camera.  Minor Victim 3 was shown digital files V2012090300037.AVI and V2012090300038.AVI and identified herself in both files.  Minor Victim 3 is approximately 11 years old in V2012090300037.AVI and V2012090300038.AVI.

o.      On or about September 9 and 10, 2012, the Defendant sent screenshots created from V2012090300038.AVI to Angela.  These screenshots depict Minor Victim 3's nude pubic area, nude buttocks, and nude breasts.

p.      Digital files V2013033100012.AVI and V2013033100013.AVI form the basis of Count 15 and were surreptitiously recorded in a bathroom and depict Minor Victim 3 fully nude with her pubic area visible to the camera.  Minor Victim 3 was shown digital files V2013033100012.AVI and V2013033100013.AVI and identified herself in both files.  Minor Victim 3 is approximately 11 years old in V2013033100012.AVI and V2013033100013.AVI.

q.      Digital file V2013041400016.AVI forms the basis of Count 16 and was also surreptitiously recorded in a bathroom and depicts Minor Victim 3 fully nude with her pubic area visible to the camera.  Minor Victim 3 was shown digital file

16

V2013041400016.AVI and identified herself in the file.  Minor Victim 3 is

approximately 11 years old in V2013041400016.AVI.

      **r.**     Digital file V2014063000101.AVI forms the basis of Count 17 and was

surreptitiously recoded in a bedroom and depicts Minor Victim 3 fully nude with her

pubic area visible to the camera.  Minor Victim 3 was shown digital file

V2014063000101.AVI and identified herself in the file.  Minor Victim 3 is

approximately 13 years old in V2014063000101.AVI.

      **s.**     Digital file IMG_3125.MOV forms the basis of Count 18 and was

surreptitiously recorded in a bathroom and depicts Minor Victim 3 fully nude with her

pubic area visible to the camera.  The Defendant edited digital file IMG_3125.MOV to

make Minor Victim 3's exposed genitals the focus of this video.  Minor Victim 3 was

shown digital file IMG_3125.MOV and she identified herself in the file.  Minor Victim 3

is approximately 13 years old in IMG_3125.MOV.

      **t.**     Digital file V2014100300008.AVI forms the basis of Count 19 and was

surreptitiously recorded in a bathroom and depicts Minor Victim 3 fully nude with her

pubic area visible to the camera.  Minor Victim 3 was shown V2014100300008.AVI and

identified herself in the file.  Minor Victim 3 is approximately 13 years old in

V2014100300008.AVI.

### Minor Victim 4

      **u.**     Minor Victim 4 is a friend of Minor Victim 3 and was a "favorite" of

Jared Fogle.  Minor Victim 4 is depicted in digital files IMG_1059.jpg and

IMG_1805.jpg, which form the basis of Count 20.  Digital files IMG_1059.jpg and

IMG_1805.jpg depict Minor Victim 4 fully nude with her pubic area are visible to the

camera.  Minor Victim 4 was shown IMG_1059.jpg and IMG_1805.jpg and identified herself in both files.  Minor Victim 4 is approximately 14 years old in IMG_1059.jpg and IMG_1805.jpg.

      **v.**      On or about February 10, 2015, the Defendant sent IMG_1805.jpg to Jared Fogle via text message.  In the text message string, Minor Victim 4 is identified by her first name.

      **w.**      Also on or about February 10, 2015, the Defendant sent IMG_1059.jpg to his associate D.L. via text message.

      **x.**      The Defendant admitted to distributing a visual depiction of Minor Victim 4 engaging in sexually explicit conduct during the June 14, 2019 evidentiary hearing on his § 2255 petition.

<strong>Minor Victim 5 and Minor Victim 8</strong>

      **y.**      Minor Victim 5 is the Defendant's former step-daughter.  Minor Victim 5 is depicted in digital files V2013032600070.AVI, WVS S011717.4260000-0400 D151545 A259 F17 E.wmv, WVS S011748.2840000-0400 D28506 A1666 F17 E.wmv, and 016152.wmv.

      **z.**      Digital file V2013032600070.AVI forms the basis of Count 23 and was surreptitiously recorded in a bathroom and depicts Minor Victim 5 fully nude with her pubic area visible to the camera.  Minor Victim 5 was shown V2013032600070.AVI and identified herself in the file.  Minor Victim 5 is approximately 14 years old in V2013032600070.AVI.

      **aa.**      Digital files WVS S011717.4260000-0400 D151545 A2599 F17 E.wmv and WVS S011748.2840000-0400 D28506 A1666 F17 E.wmv form the basis of Count

18

28 and were surreptitiously recorded in a bedroom. These files depict Minor Victim 5 masturbating over her shorts with an electric massage wand. Minor Victim 5 was shown WVS S011717.4260000-0400 D151545 A259 F17 E.wmv and WVS S011748.2840000-0400 D28506 A1666 F17 E.wmv and she identified herself in the files. Minor Victim 5 is approximately 14 years old in WVS S011717.4260000-0400 D151545 A259 F17 E.wmv and WVS S011748.2840000-0400 D28506 A1666 F17 E.wmv.

    **bb.** Digital file 016152.wmv forms the basis of Counts 29 and 30 and was surreptitiously recorded in a bathroom and depicts Minor Victim 5 and her friend, Minor Victim 8, fully nude with their pubic areas visible to the camera. Minor Victim 5 and Minor Victim 8 were both shown 016152.wmv and they identified themselves and each other in the file. Minor Victim 5 is approximately 15 years old in 016152.wmv. Minor Victim 8 is approximately 15 years old in 016152.wmv.

### Minor Victim 6

    **cc.** Minor Victim 6 is a friend of Minor Victim 5. Minor Victim 6 is depicted in digital files V2013032600049.AVI, V2013032600051.AVI, V2013032700023.AVI, V2013032700025.AVI, V2013032700026.AVI, WVS S011147.2020000-0400 D123956 A32066 F17 E.wmv, WVS S011352.9020000-0400 D13237 A733 F17 E.wmv, and WVS S011502-2670000-0400 D28507 A4533 F17 E.wmv.

    **dd.** Digital files V2013032600049.AVI and V2013032600051.AVI form the basis of Count 24 and were surreptitiously recorded in a bathroom and depict Minor Victim 6 fully nude with her pubic area visible to the camera. Minor Victim 6 was shown digital files V2013032600049.AVI and V2013032600051.AVI and she identified

herself in both files.  Minor Victim 6 is approximately 14 years old in V2013032600049.AVI and V2013032600051.AVI.

ee.     Digital files V2013032700023.AVI, V2013032700025.AVI, and V2013032700026.AVI form the basis of Count 25 and were surreptitiously recorded in a bathroom and depict Minor Victim 6 fully nude with her pubic area visible to the camera. Minor Victim 6 was shown V2013032700023.AVI, V2013032700025.AVI, and V2013032700026.AVI and she identified herself in all three files.  Minor Victim 6 is approximately 14 years old in V2013032700023.AVI, V2013032700025.AVI, and V2013032700026.AVI.

ff.     Digital files WVS S011147.2020000-0400 D123956 A32066 F17 E.wmv, WVS S011352.9020000-0400 D13237 A733 F17 E.wmv, and WVS S011502-2670000-0400 D28507 A4533 F17 E.wmv, form the basis of Count 27 and were surreptitiously recorded in a bedroom.  These files depict Minor Victim 6 masturbating her pubic area with an electric massage wand.  Minor Victim 6's shorts and underwear are around her ankles and when she stands up her nude pubic area is partially visible to the camera. Minor Victims 5 and 8 are also intermittently visible in these files.  Minor Victims 5, 6, and 8 were shown digital files WVS S011147.2020000-0400 D123956 A32066 F17 E.wmv, WVS S011352.9020000-0400 D13237 A733 F17 E.wmv, and WVS S011502-2670000-0400 D28507 A4533 F17 E.wmv and they identified themselves and each other in the files.  Minor Victim 6 is approximately 14 years old in WVS S011147.2020000-0400 D123956 A32066 F17 E.wmv, WVS S011352.9020000-0400 D13237 A733 F17 E.wmv, and WVS S011502-2670000-0400 D28507 A4533 F17 E.wmv.

20

**Minor Victim 7**

gg.    Minor Victim 7 is a friend of Minor Victim 3.  Minor Victim 7 is depicted in digital file V2013041400055.AVI, which forms the basis of Count 27 and was surreptitiously recorded in a bathroom and depicts Minor Victim 7 is fully nude with her pubic area is visible to the camera.  Minor Victim 7 was shown V2013041400055.AVI and she identified herself in the file.  Minor Victim 7 is approximately 14 years old in V2013041400055.AVI.

**Minor Victim 9**

hh.    Minor Victim 9 is a relative of Angela's.  Minor Victim 9 is depicted in the following digital files, all of which were surreptitiously recorded in a bathroom:

|     |     |
| --- | --- |
| i. | WVS S221257.3110000-0800 D14262 A22066 F17 E.wmv |
| ii. | WVS S221331.5710000-0800 D77171 A46799 F17 E.wmv |
| iii. | WVS S221450.8130000-0800 D5631 A0 F17 E.wmv |
| iv. | WVS S221508.1550000-0800 D76947 A46666 F17 E.wmv |
| v. | WVS S221628.1770000-0800 D69420 A36933 F17 E.wmv |
| vi. | WVS S221754.3320000-0800 D35651 A4733 F17 E.wmv |
| vii. | WVS S221848.4570000-0800 D13146 A2799 F17 E.wmv |
| viii. | WVS S222217.2920000-0800 D9392 A1133 F17 E.wmv |
| ix. | WVS S222344.3560000-0800 D43159 A3199 F17 E.wmv |
| x. | WVS S222442.3770000-0800 D9391 A533 F17 E.wmv |
| xi. | WVS S222632.6400000-0800 D26272 A1733 F17 E.wmv |
| xii. | WVS S222753.7510000-0800 D9386 A666 F17 E.wmv |
| xiii. | WVS S222817.0490000-0800 D11267 A1199 F17 E.wmv |

xiv.     WVS S222853.8130000-0800 D26275 A3333 F17 E.wmv

xv.     WVS S223253.4590000-0800 D80707 A56533 F17 E.wmv

xvi.     WVS S223657.0230000-0800 D13138 A5533 F17 E.wmv

xvii.     WVS S223918.1340000-0800 D11270 A3866 F17 E.wmv

xviii.     WVS S224004.5590000-0800 D11264 A3066 F17 E.wmv

xix.     WVS S224156.6770000-0800 D15399 A7199 F17 E.wmv

xx.     WVS S224449.1770000-0800 D9391 A2733 F17 E.wmv

xxi.     WVS S224558.9260000-0800 D11270 A2066 F17 E.wmv

ii.     The digital files identified in paragraphs 17.gg.i. – 17.gg.xxi. form the basis of Count 31. In these files, the Defendant and Angela are seen setting up the camera in a bathroom and drawing a bath for Minor Victim 9. Minor Victim 9 is then escorted into the bathroom, undresses, and begins to bathe. At times during the digital files identified in paragraphs 17.gg.i. – 17.gg.xxi., Minor Victim 9 is fully nude and her pubic area is visible to the camera. Minor Victim 9 was shown the digital files identified in paragraphs 17.gg.i. – 17.gg.xxi. and she identified herself, the Defendant, and Angela in the files. Minor Victim 9 is approximately 9 years old in the digital files identified in paragraphs 17.gg.i. – 17.gg.xxi.

**Internet Downloaded Visual Depictions of Minors Engaging in Sexually Explicit Conduct**

jj.     In addition to the visual depictions that he produced in his home using Minor Victims 1 through 9, the Defendant also downloaded and possessed visual depictions of minors engaging in sexually explicit conduct from the internet on electronic devices including: a MacBook Pro laptop computer, Ativa 8 GB USB thumb drive,

22

Centon (DS Twist) 4 GB USB thumb drive, and Lexar 4 GB USB thumb drive.  All told, these electronic devices contained more than 600 images of child pornography.

kk.     Many of the internet downloaded visual depictions are similar to what the Defendant produced in his home – shower videos, videos of children using the bathroom, and spycam-type hidden camera videos.  Some of the internet downloaded visual depictions involve pre-pubescent children.

### Part 6:  Other Conditions

18.     **Background Information:**  The Defendant acknowledges and understands that no limitation shall be placed upon the Court's consideration of information concerning the background, character, and conduct of the Defendant for the purpose of imposing an appropriate sentence.  The Defendant acknowledges and understands that the Government is not prohibited from providing information concerning background, character, and conduct of the Defendant for the purpose of recommending or advocating an appropriate guideline calculation and sentence.

19.     **Good Behavior Requirement:**  The Defendant agrees to fully comply with all conditions of release imposed by the Court during all stages of this case.  If the Defendant fails to fully comply with such conditions, then the Government may withdraw from this Plea Agreement.

20.     **Compliance with Federal and State Laws:**  The Defendant understands that the obligations of the Government in this Plea Agreement are expressly contingent upon the Defendant abiding by federal and state laws.

### Part 7:  Sentencing Guideline Stipulations

21.     **Guideline Computations:**  Pursuant to Section 6B1.4 of the Sentencing Guidelines, the parties agree to the Stipulations below.  The parties understand and agree that

23

these Stipulations are binding on the parties but are only a recommendation to the Court and that

the Court will determine the advisory sentencing guidelines applicable in this case.  The parties

agree that no stipulation regarding any factors in Chapter 4, Criminal History Category, of the

Sentencing Guidelines has been made, and that such determination will be made by the Court.

The 2018 version of the Sentencing Guidelines has been used by the parties to make the

stipulations set forth below.

## Count 1

**a.**     **Base Offense Level:**  The parties stipulate and agree that the base offense

level for Count 1 of the Indictment is 32 pursuant to U.S.S.G. § 2G2.1(a).

**b.**     **Specific Offense Characteristics:**  The parties stipulate and agree that the

following specific offense characteristics apply:

**i.**     U.S.S.G. § 2G2.1(b)(1)(B) because the offense involved a minor

between the ages of 12 and 16.  This results in a 2-level increase in the offense

level.

**ii.**     U.S.S.G. § 2G2.1(b)(2)(A) because the offense involved the

commission of a sexual act or sexual contact.  This results in a 2-level increase in

the offense level.

**iii.**     U.S.S.G. § 2G2.1(b)(3) because the Defendant knowingly engaged

in distribution.  This results in a 2-level increase in the offense level.

**iv.**     U.S.S.G. § 2G2.1(b)(5) because the Defendant was a relative of

Minor Victim 1 and Minor Victim 1 was under the supervisory control of the

Defendant.  This results in a 2-level increase in the offense level.

24

c.      **Adjusted Offense Level for Count 1:**  The parties stipulate and agree that the adjusted offense level for Count 1 is 40.

### Count 2

d.      **Base Offense Level:**  The parties stipulate and agree that the base offense level for Count 2 of the Indictment is 32 pursuant to U.S.S.G. § 2G2.1(a).

e.      **Specific Offense Characteristics:**  The parties stipulate and agree that the following specific offense characteristics apply:

i.      U.S.S.G. § 2G2.1(b)(1)(B) because the offense involved a minor between the ages of 12 and 16.  This results in a 2-level increase in the offense level.

ii.      U.S.S.G. § 2G2.1(b)(2)(A) because the offense involved the commission of a sexual act or sexual contact.  This results in a 2-level increase in the offense level.

iii.      U.S.S.G. § 2G2.1(b)(3) because the Defendant knowingly engaged in distribution.  This results in a 2-level increase in the offense level.

iv.      U.S.S.G. § 2G2.1(b)(5) because the Defendant was a relative of Minor Victim 1 and Minor Victim 1 was under the supervisory control of the Defendant.  This results in a 2-level increase in the offense level.

f.      **Adjusted Offense Level for Count 2:**  The parties stipulate and agree that the adjusted offense level for Count 2 is 40.

### Count 3

g.      **Base Offense Level:**  The parties stipulate and agree that the base offense level for Count 3 of the Indictment is 32 pursuant to U.S.S.G. § 2G2.1(a).

25

**h.**      **Specific Offense Characteristics:** The parties stipulate and agree that the following specific offense characteristics apply:

    **i.**      U.S.S.G. § 2G2.1(b)(2)(A) because the offense involved the commission of a sexual act or sexual contact. This results in a 2-level increase in the offense level.

    **ii.**      U.S.S.G. § 2G2.1(b)(3) because the Defendant knowingly engaged in distribution. This results in a 2-level increase in the offense level.

    **iii.**      U.S.S.G. § 2G2.1(b)(5) because the Defendant was a relative of Minor Victim 1 and Minor Victim 1 was under the supervisory control of the Defendant. This results in a 2-level increase in the offense level.

**i.**      **Adjusted Offense Level for Count 3:** The parties stipulate and agree that the adjusted offense level for Count 3 is 38.

<strong>Count 5</strong>

**j.**      **Base Offense Level:** The parties stipulate and agree that the base offense level for Count 5 of the Indictment is 32 pursuant to U.S.S.G. § 2G2.1(a).

**k.**      **Specific Offense Characteristics:** The parties stipulate and agree that the following specific offense characteristics apply:

    **i.**      U.S.S.G. § 2G2.1(b)(2)(A) because the offense involved the commission of a sexual act or sexual contact. This results in a 2-level increase in the offense level.

    **ii.**      U.S.S.G. § 2G2.1(b)(3) because the Defendant knowingly engaged in distribution. This results in a 2-level increase in the offense level.

26

iii.     U.S.S.G. § 2G2.1(b)(5) because the Defendant was a relative of

Minor Victim 1 and Minor Victim 1 was under the supervisory control of the

Defendant.  This results in a 2-level increase in the offense level.

**l.**     **Adjusted Offense Level for Count 5:**  The parties stipulate and agree that

the adjusted offense level for Count 5 is 38.

### Count 7

**m.**     **Base Offense Level:**  The parties stipulate and agree that the base offense

level for Count 7 of the Indictment is 22 pursuant to U.S.S.G. § 2G2.2(a)(2).

**n.**     **Specific Offense Characteristics:**  The parties stipulate and agree that the

following specific offense characteristics apply:

i.     U.S.S.G. § 2G2.2(b)(3)(F) because the Defendant knowingly

engaged in distribution.  This results in a 2-level increase in the offense level.

ii.     U.S.S.G. § 2G2.2(b)(5) because the Defendant engaged in a pattern

of activity involving the sexual exploitation of a minor.  This results in a 5-level

increase in the offense level.

iii.     U.S.S.G. § 2G2.2(b)(6) because the offense involved the use of a

computer.  This results in a 2-level increase in the offense level.

iv.     U.S.S.G. § 2G2.2(b)(7)(A) because the offense involved 75

images.  This results in a 2-level increase in the offense level.

**o.**     **Adjusted Offense Level for Count 7:**  The parties stipulate and agree that

the adjusted offense level for Count 7 is 33.

## Count 8

**p.**     **Base Offense Level:** The parties stipulate and agree that the base offense level for Count 8 of the Indictment is 32 pursuant to U.S.S.G. § 2G2.1(a).

**q.**     **Specific Offense Characteristics:** The parties stipulate and agree that the following specific offense characteristics apply:

    **i.**     U.S.S.G. § 2G2.1(b)(1)(B) because the offense involved a minor between the ages of 12 and 16. This results in a 2-level increase in the offense level.

    **ii.**     U.S.S.G. § 2G2.1(b)(2)(A) because the offense involved the commission of a sexual act or sexual contact. This results in a 2-level increase in the offense level.

    **iii.**     U.S.S.G. § 2G2.1(b)(3) because the Defendant knowingly engaged in distribution. This results in a 2-level increase in the offense level.

    **iv.**     U.S.S.G. § 2G2.1(b)(5) because the Defendant was a relative of Minor Victim 1 and Minor Victim 1 was under the supervisory control of the Defendant. This results in a 2-level increase in the offense level.

**r.**     **Adjusted Offense Level for Count 8:** The parties stipulate and agree that the adjusted offense level for Count 8 is 40.

## Count 9

**s.**     **Base Offense Level:** The parties stipulate and agree that the base offense level for Count 9 of the Indictment is 32 pursuant to U.S.S.G. § 2G2.1(a).

**t.**     **Specific Offense Characteristics:** The parties stipulate and agree that the following specific offense characteristics apply:

28

    **i.**      U.S.S.G. § 2G2.1(b)(2)(A) because the offense involved the commission of a sexual act or sexual contact. This results in a 2-level increase in the offense level.

    **ii.**     U.S.S.G. § 2G2.1(b)(3) because the Defendant knowingly engaged in distribution. This results in a 2-level increase in the offense level.

    **iii.**    U.S.S.G. § 2G2.1(b)(5) because the Defendant was a relative of Minor Victim 1 and Minor Victim 1 was under the supervisory control of the Defendant. This results in a 2-level increase in the offense level.

**u.**    **Adjusted Offense Level for Count 9:** The parties stipulate and agree that the adjusted offense level for Count 9 is 38.

## Count 10

**v.**    **Base Offense Level:** The parties stipulate and agree that the base offense level for Count 10 of the Indictment is 32 pursuant to U.S.S.G. § 2G2.1(a).

**w.**    **Specific Offense Characteristics:** The parties stipulate and agree that the following specific offense characteristics apply:

    **i.**      U.S.S.G. § 2G2.1(b)(2)(A) because the offense involved the commission of a sexual act or sexual contact. This results in a 2-level increase in the offense level.

    **ii.**     U.S.S.G. § 2G2.1(b)(3) because the Defendant knowingly engaged in distribution. This results in a 2-level increase in the offense level.

    **iii.**    U.S.S.G. § 2G2.1(b)(5) because the Defendant was a relative of Minor Victim 1 and Minor Victim 1 was under the supervisory control of the Defendant. This results in a 2-level increase in the offense level.

**x.**     **Adjusted Offense Level for Count 10:**  The parties stipulate and agree that the adjusted offense level for Count 10 is 38.

### Count 11

**y.**     **Base Offense Level:**  The parties stipulate and agree that the base offense level for Count 11 of the Indictment is 32 pursuant to U.S.S.G. § 2G2.1(a).

**z.**     **Specific Offense Characteristics:**  The parties stipulate and agree that the following specific offense characteristics apply:

    **i.**     U.S.S.G. § 2G2.1(b)(2)(A) because the offense involved the commission of a sexual act or sexual contact.  This results in a 2-level increase in the offense level.

    **ii.**     U.S.S.G. § 2G2.1(b)(3) because the Defendant knowingly engaged in distribution.  This results in a 2-level increase in the offense level.

    **iii.**     U.S.S.G. § 2G2.1(b)(5) because Minor Victim 2 was under the supervisory control of the Defendant.  This results in a 2-level increase in the offense level.

**aa.**     **Adjusted Offense Level for Count 11:**  The parties stipulate and agree that the adjusted offense level for Count 11 is 38.

### Count 14

**bb.**     **Base Offense Level:**  The parties stipulate and agree that the base offense level for Count 14 of the Indictment is 32 pursuant to U.S.S.G. § 2G2.1(a).

**cc.**     **Specific Offense Characteristics:**  The parties stipulate and agree that the following specific offense characteristics apply:

       **i.**      U.S.S.G. § 2G2.1(b)(1)(A) because the offense involved a minor who had not attained the age of 12.  This results in a 4-level increase in the offense level.

       **ii.**     U.S.S.G. § 2G2.1(b)(3) because the Defendant knowingly engaged in distribution.  This results in a 2-level increase in the offense level.

       **iii.**    U.S.S.G. § 2G2.1(b)(5) because the Defendant was a relative of Minor Victim 3 and Minor Victim 3 was under the supervisory control of the Defendant.  This results in a 2-level increase in the offense level.

**dd.**    **Adjusted Offense Level for Count 14:**  The parties stipulate and agree that the adjusted offense level for Count 14 is 40.

**Count 15**

**ee.**    **Base Offense Level:**  The parties stipulate and agree that the base offense level for Count 15 of the Indictment is 32 pursuant to U.S.S.G. § 2G2.1(a).

**ff.**    **Specific Offense Characteristics:**  The parties stipulate and agree that the following specific offense characteristics apply:

       **i.**      U.S.S.G. § 2G2.1(b)(1)(A) because the offense involved a minor who had not attained the age of 12.  This results in a 4-level increase in the offense level.

       **ii.**     U.S.S.G. § 2G2.1(b)(3) because the Defendant knowingly engaged in distribution.  This results in a 2-level increase in the offense level.

       **iii.**    U.S.S.G. § 2G2.1(b)(5) because the Defendant was a relative of Minor Victim 3 and Minor Victim 3 was under the supervisory control of the Defendant.  This results in a 2-level increase in the offense level.

**gg.     Adjusted Offense Level for Count 15:**  The parties stipulate and agree that the adjusted offense level for Count 15 is 40.

### Count 16

**hh.     Base Offense Level:**  The parties stipulate and agree that the base offense level for Count 14 of the Indictment is 32 pursuant to U.S.S.G. § 2G2.1(a).

**ii.     Specific Offense Characteristics:**  The parties stipulate and agree that the following specific offense characteristics apply:

      **i.**     U.S.S.G. § 2G2.1(b)(1)(A) because the offense involved a minor who had not attained the age of 12.  This results in a 4-level increase in the offense level.

      **ii.**     U.S.S.G. § 2G2.1(b)(3) because the Defendant knowingly engaged in distribution.  This results in a 2-level increase in the offense level.

      **iii.**     U.S.S.G. § 2G2.1(b)(5) because the Defendant was a relative of Minor Victim 3 and Minor Victim 3 was under the supervisory control of the Defendant.  This results in a 2-level increase in the offense level.

**jj.     Adjusted Offense Level for Count 16:**  The parties stipulate and agree that the adjusted offense level for Count 16 is 40.

### Count 17

**kk.     Base Offense Level:**  The parties stipulate and agree that the base offense level for Count 17 of the Indictment is 32 pursuant to U.S.S.G. § 2G2.1(a).

**ll.     Specific Offense Characteristics:**  The parties stipulate and agree that the following specific offense characteristics apply:

      **i.**      U.S.S.G. § 2G2.1(b)(1)(B) because the offense involved a minor between the ages of 12 and 16.  This results in a 2-level increase in the offense level.

      **ii.**      U.S.S.G. § 2G2.1(b)(3) because the Defendant knowingly engaged in distribution.  This results in a 2-level increase in the offense level.

      **iii.**      U.S.S.G. § 2G2.1(b)(5) because the Defendant was a relative of Minor Victim 3 and Minor Victim 3 was under the supervisory control of the Defendant.  This results in a 2-level increase in the offense level.

    **mm.**    **Adjusted Offense Level for Count 17:**  The parties stipulate and agree that the adjusted offense level for Count 17 is 38.

**Count 18**

    **nn.**    **Base Offense Level:**  The parties stipulate and agree that the base offense level for Count 18 of the Indictment is 32 pursuant to U.S.S.G. § 2G2.1(a).

    **oo.**    **Specific Offense Characteristics:**  The parties stipulate and agree that the following specific offense characteristics apply:

      **i.**      U.S.S.G. § 2G2.1(b)(1)(B) because the offense involved a minor between the ages of 12 and 16.  This results in a 2-level increase in the offense level.

      **ii.**      U.S.S.G. § 2G2.1(b)(3) because the Defendant knowingly engaged in distribution.  This results in a 2-level increase in the offense level.

      **iii.**      U.S.S.G. § 2G2.1(b)(5) because the Defendant was a relative of Minor Victim 3 and Minor Victim 3 was under the supervisory control of the Defendant.  This results in a 2-level increase in the offense level.

**pp.** **Adjusted Offense Level for Count 18:** The parties stipulate and agree that the adjusted offense level for Count 18 is 38.

### Count 19

**qq.** **Base Offense Level:** The parties stipulate and agree that the base offense level for Count 19 of the Indictment is 32 pursuant to U.S.S.G. § 2G2.1(a).

**rr.** **Specific Offense Characteristics:** The parties stipulate and agree that the following specific offense characteristics apply:

**i.** U.S.S.G. § 2G2.1(b)(1)(B) because the offense involved a minor between the ages of 12 and 16. This results in a 2-level increase in the offense level.

**ii.** U.S.S.G. § 2G2.1(b)(3) because the Defendant knowingly engaged in distribution. This results in a 2-level increase in the offense level.

**iii.** U.S.S.G. § 2G2.1(b)(5) because the Defendant was a relative of Minor Victim 3 and Minor Victim 3 was under the supervisory control of the Defendant. This results in a 2-level increase in the offense level.

**ss.** **Adjusted Offense Level for Count 19:** The parties stipulate and agree that the adjusted offense level for Count 19 is 38.

### Count 20

**tt.** **Base Offense Level:** The parties stipulate and agree that the base offense level for Count 20 of the Indictment is 32 pursuant to U.S.S.G. § 2G2.1(a).

**uu.** **Specific Offense Characteristics:** The parties stipulate and agree that the following specific offense characteristics apply:

34

       **i.**      U.S.S.G. § 2G2.1(b)(1)(B) because the offense involved a minor between the ages of 12 and 16. This results in a 2-level increase in the offense level.

       **ii.**     U.S.S.G. § 2G2.1(b)(3) because the Defendant knowingly engaged in distribution. This results in a 2-level increase in the offense level.

       **iii.**    U.S.S.G. § 2G2.1(b)(5) because Minor Victim 4 was under the supervisory control of the Defendant. This results in a 2-level increase in the offense level.

    **vv.**    **Adjusted Offense Level for Count 20:** The parties stipulate and agree that the adjusted offense level for Count 20 is 38.

### Count 21

    **ww.**   **Base Offense Level:** The parties stipulate and agree that the base offense level for Count 21 of the Indictment is 22 pursuant to U.S.S.G. § 2G2.2(a)(2).

    **xx.**    **Specific Offense Characteristics:** The parties stipulate and agree that the following specific offense characteristics apply:

       **i.**      U.S.S.G. § 2G2.2(b)(3)(F) because the Defendant knowingly engaged in distribution. This results in a 2-level increase in the offense level.

       **ii.**     U.S.S.G. § 2G2.2(b)(5) because the Defendant engaged in a pattern of activity involving the sexual exploitation of a minor. This results in a 5-level increase in the offense level.

       **iii.**    U.S.S.G. § 2G2.2(b)(6) because the offense involved the use of a computer. This results in a 2-level increase in the offense level.

**yy.**   **Adjusted Offense Level for Count 21:** The parties stipulate and agree that the adjusted offense level for Count 21 is 31.

### Count 22

**zz.**   **Base Offense Level:** The parties stipulate and agree that the base offense level for Count 22 of the Indictment is 22 pursuant to U.S.S.G. § 2G2.2(a)(2).

**aaa.**   **Specific Offense Characteristics:** The parties stipulate and agree that the following specific offense characteristics apply:

    **i.**   U.S.S.G. § 2G2.2(b)(3)(F) because the Defendant knowingly engaged in distribution. This results in a 2-level increase in the offense level.

    **ii.**   U.S.S.G. § 2G2.2(b)(5) because the Defendant engaged in a pattern of activity involving the sexual exploitation of a minor. This results in a 5-level increase in the offense level.

    **iii.**   U.S.S.G. § 2G2.2(b)(6) because the offense involved the use of a computer. This results in a 2-level increase in the offense level.

**bbb.**   **Adjusted Offense Level for Count 22:** The parties stipulate and agree that the adjusted offense level for Count 22 is 31.

### Count 23

**ccc.**   **Base Offense Level:** The parties stipulate and agree that the base offense level for Count 23 of the Indictment is 32 pursuant to U.S.S.G. § 2G2.1(a).

**ddd.**   **Specific Offense Characteristics:** The parties stipulate and agree that the following specific offense characteristics apply:

   **i.**  U.S.S.G. § 2G2.1(b)(1)(B) because the offense involved a minor between the ages of 12 and 16.  This results in a 2-level increase in the offense level.

   **ii.**  U.S.S.G. § 2G2.1(b)(3) because the Defendant knowingly engaged in distribution.  This results in a 2-level increase in the offense level.

   **iii.**  U.S.S.G. § 2G2.1(b)(5) because the Defendant was a relative of Minor Victim 5 and Minor Victim 5 was under the supervisory control of the Defendant.  This results in a 2-level increase in the offense level.

 **eee.** **Adjusted Offense Level for Count 23:**  The parties stipulate and agree that the adjusted offense level for Count 23 is 38.

<strong>Count 24</strong>

 **fff.** **Base Offense Level:**  The parties stipulate and agree that the base offense level for Count 24 of the Indictment is 32 pursuant to U.S.S.G. § 2G2.1(a).

 **ggg.** **Specific Offense Characteristics:**  The parties stipulate and agree that the following specific offense characteristics apply:

   **i.**  U.S.S.G. § 2G2.1(b)(1)(B) because the offense involved a minor between the ages of 12 and 16.  This results in a 2-level increase in the offense level.

   **ii.**  U.S.S.G. § 2G2.1(b)(3) because the Defendant knowingly engaged in distribution.  This results in a 2-level increase in the offense level.

   **iii.**  U.S.S.G. § 2G2.1(b)(5) because Minor Victim 6 was under the supervisory control of the Defendant.  This results in a 2-level increase in the offense level.

37

**hhh.   Adjusted Offense Level for Count 24:** The parties stipulate and agree that the adjusted offense level for Count 24 is 38.

**Count 25**

**iii.    Base Offense Level:** The parties stipulate and agree that the base offense level for Count 25 of the Indictment is 32 pursuant to U.S.S.G. § 2G2.1(a).

**jjj.    Specific Offense Characteristics:** The parties stipulate and agree that the following specific offense characteristics apply:

     **i.**      U.S.S.G. § 2G2.1(b)(1)(B) because the offense involved a minor between the ages of 12 and 16. This results in a 2-level increase in the offense level.

     **ii.**     U.S.S.G. § 2G2.1(b)(3) because the Defendant knowingly engaged in distribution. This results in a 2-level increase in the offense level.

     **iii.**    U.S.S.G. § 2G2.1(b)(5) because Minor Victim 6 was under the supervisory control of the Defendant. This results in a 2-level increase in the offense level.

**kkk.   Adjusted Offense Level for Count 25:** The parties stipulate and agree that the adjusted offense level for Count 25 is 38.

**Count 26**

**lll.    Base Offense Level:** The parties stipulate and agree that the base offense level for Count 26 of the Indictment is 32 pursuant to U.S.S.G. § 2G2.1(a).

**mmm. Specific Offense Characteristics:** The parties stipulate and agree that the following specific offense characteristics apply:

38

    **i.**        U.S.S.G. § 2G2.1(b)(1)(B) because the offense involved a minor between the ages of 12 and 16. This results in a 2-level increase in the offense level.

    **ii.**      U.S.S.G. § 2G2.1(b)(3) because the Defendant knowingly engaged in distribution. This results in a 2-level increase in the offense level.

    **iii.**    U.S.S.G. § 2G2.1(b)(5) because Minor Victim 7 was under the supervisory control of the Defendant. This results in a 2-level increase in the offense level.

**nnn.**    **Adjusted Offense Level for Count 26:** The parties stipulate and agree that the adjusted offense level for Count 26 is 38.

**Count 27**

**ooo.**    **Base Offense Level:** The parties stipulate and agree that the base offense level for Count 27 of the Indictment is 32 pursuant to U.S.S.G. § 2G2.1(a).

**ppp.**    **Specific Offense Characteristics:** The parties stipulate and agree that the following specific offense characteristics apply:

    **i.**        U.S.S.G. § 2G2.1(b)(1)(B) because the offense involved a minor between the ages of 12 and 16. This results in a 2-level increase in the offense level.

    **ii.**      U.S.S.G. § 2G2.1(b)(2)(A) because the offense involved the commission of a sexual act or sexual contact. This results in a 2-level increase in the offense level.

    **iii.**    U.S.S.G. § 2G2.1(b)(3) because the Defendant knowingly engaged in distribution. This results in a 2-level increase in the offense level.

.

   **iv.**  U.S.S.G. § 2G2.1(b)(5) because Minor Victim 6 was under the supervisory control of the Defendant. This results in a 2-level increase in the offense level.

  **qqq.** **Adjusted Offense Level for Count 27:** The parties stipulate and agree that the adjusted offense level for Count 27 is 40.

<strong>Count 28</strong>

  **rrr.** **Base Offense Level:** The parties stipulate and agree that the base offense level for Count 28 of the Indictment is 32 pursuant to U.S.S.G. § 2G2.1(a).

  **sss.** **Specific Offense Characteristics:** The parties stipulate and agree that the following specific offense characteristics apply:

   **i.**  U.S.S.G. § 2G2.1(b)(1)(B) because the offense involved a minor between the ages of 12 and 16. This results in a 2-level increase in the offense level.

   **ii.**  U.S.S.G. § 2G2.1(b)(2)(A) because the offense involved the commission of a sexual act or sexual contact. This results in a 2-level increase in the offense level.

   **iii.**  U.S.S.G. § 2G2.1(b)(3) because the Defendant knowingly engaged in distribution. This results in a 2-level increase in the offense level.

   **iv.**  U.S.S.G. § 2G2.1(b)(5) because the Defendant was a relative of Minor Victim 5 and Minor Victim 5 was under the supervisory control of the Defendant. This results in a 2-level increase in the offense level.

  **ttt.** **Adjusted Offense Level for Count 28:** The parties stipulate and agree that the adjusted offense level for Count 28 is 40.

40

### Count 29

**uuu.** **Base Offense Level:** The parties stipulate and agree that the base offense level for Count 29 of the Indictment is 32 pursuant to U.S.S.G. § 2G2.1(a).

**vvv.** **Specific Offense Characteristics:** The parties stipulate and agree that the following specific offense characteristics apply:

    **i.** U.S.S.G. § 2G2.1(b)(1)(B) because the offense involved a minor between the ages of 12 and 16. This results in a 2-level increase in the offense level.

    **ii.** U.S.S.G. § 2G2.1(b)(3) because the Defendant knowingly engaged in distribution. This results in a 2-level increase in the offense level.

    **iii.** U.S.S.G. § 2G2.1(b)(5) because the Defendant was a relative of Minor Victim 5 and Minor Victim 5 was under the supervisory control of the Defendant. This results in a 2-level increase in the offense level.

**www.** **Adjusted Offense Level for Count 29:** The parties stipulate and agree that the adjusted offense level for Count 29 is 38.

### Count 30

**xxx.** **Base Offense Level:** The parties stipulate and agree that the base offense level for Count 30 of the Indictment is 32 pursuant to U.S.S.G. § 2G2.1(a).

**yyy.** **Specific Offense Characteristics:** The parties stipulate and agree that the following specific offense characteristics apply:

    **i.** U.S.S.G. § 2G2.1(b)(1)(B) because the offense involved a minor between the ages of 12 and 16. This results in a 2-level increase in the offense level.

  **ii.**  U.S.S.G. § 2G2.1(b)(3) because the Defendant knowingly engaged in distribution.  This results in a 2-level increase in the offense level.

  **iii.**  U.S.S.G. § 2G2.1(b)(5) because Minor Victim 8 was under the supervisory control of the Defendant.  This results in a 2-level increase in the offense level.

  **zzz.** **Adjusted Offense Level for Count 30:**  The parties stipulate and agree that the adjusted offense level for Count 30 is 38.

**Count 31**

  **aaaa.** **Base Offense Level:**  The parties stipulate and agree that the base offense level for Count 31 of the Indictment is 32 pursuant to U.S.S.G. § 2G2.1(a).

  **bbbb.** **Specific Offense Characteristics:**  The parties stipulate and agree that the following specific offense characteristics apply:

  **i.**  U.S.S.G. § 2G2.1(b)(1)(A) because the offense involved a minor under the age of 12.  This results in a 4-level increase in the offense level.

  **ii.**  U.S.S.G. § 2G2.1(b)(5) because the Defendant was a relative of Minor Victim 9 and Minor Victim 9 was under the supervisory control of the Defendant.  This results in a 2-level increase in the offense level.

  **cccc.** **Adjusted Offense Level for Count 31:**  The parties stipulate and agree that the adjusted offense level for Count 31 is 38.

**Count 32**

  **dddd.** **Base Offense Level:**  The parties stipulate and agree that the base offense level for Count 32 of the Indictment is 22 pursuant to U.S.S.G. § 2G2.2(a)(2).

42

**eeee.   Specific Offense Characteristics:**  The parties stipulate and agree that the following specific offense characteristics apply:

      **i.**      U.S.S.G. § 2G2.2(b)(2) because the material involved a prepubescent minor or a minor who had not attained the age of 12 years.  This results in a 2-level increase in the offense level.

      **ii.**      U.S.S.G. § 2G2.2(b)(3)(F) because the Defendant knowingly engaged in distribution.  This results in a 2-level increase in the offense level.

      **iii.**      U.S.S.G. § 2G2.2(b)(5) because the Defendant engaged in a pattern of activity involving the sexual abuse or exploitation of a minor.  This results in a 5-level increase in the offense level.

      **iv.**      U.S.S.G. § 2G2.2(b)(6) because the offense involved the use of a computer.  This results in a 2-level increase in the offense level.

      **v.**      U.S.S.G. § 2G2.2(b)(7)(D) because the offense involved more than 600 images.  This results in a 5-level increase in the offense level.

**ffff.   Adjusted Offense Level for Count 32:**  The parties stipulate and agree that the adjusted offense level for Count 32 is 38.

<b>Count 33</b>

**gggg.  Base Offense Level:**  The parties stipulate and agree that the base offense level for Count 33 of the Indictment is 18 pursuant to U.S.S.G. § 2G2.2(a)(1).

**hhhh. Specific Offense Characteristics:**  The parties stipulate and agree that the following specific offense characteristics apply:

    **i.**      U.S.S.G. § 2G2.2(b)(2) because the material involved a prepubescent minor or a minor who had not attained the age of 12 years. This results in a 2-level increase in the offense level.

    **ii.**     U.S.S.G. § 2G2.2(b)(3)(F) because the Defendant knowingly engaged in distribution. This results in a 2-level increase in the offense level.

    **iii.**    U.S.S.G. § 2G2.2(b)(5) because the Defendant engaged in a pattern of activity involving the sexual abuse or exploitation of a minor. This results in a 5-level increase in the offense level.

    **iv.**    U.S.S.G. § 2G2.2(b)(6) because the offense involved the use of a computer. This results in a 2-level increase in the offense level.

    **v.**     U.S.S.G. § 2G2.2(b)(7)(D) because the offense involved more than 600 images. This results in a 5-level increase in the offense level.

**iiii.**   **Adjusted Offense Level for Count 33:** The parties stipulate and agree that the adjusted offense level for Count 33 is 34.

### Count 34

**jjjj.**   **Base Offense Level:** The parties stipulate and agree that the base offense level for Count 34 of the Indictment is 22 pursuant to U.S.S.G. § 2G2.2(a)(2).

**kkkk.**   **Specific Offense Characteristics:** The parties stipulate and agree that the following specific offense characteristics apply:

    **i.**      U.S.S.G. § 2G2.2(b)(2) because the material involved a prepubescent minor or a minor who had not attained the age of 12 years. This results in a 2-level increase in the offense level.

44

**ii.**     U.S.S.G. § 2G2.2(b)(3)(F) because the Defendant knowingly engaged in distribution.  This results in a 2-level increase in the offense level.

**iii.**     U.S.S.G. § 2G2.2(b)(5) because the Defendant engaged in a pattern of activity involving the sexual abuse or exploitation of a minor.  This results in a 5-level increase in the offense level.

**iv.**     U.S.S.G. § 2G2.2(b)(6) because the offense involved the use of a computer.  This results in a 2-level increase in the offense level.

**v.**     U.S.S.G. § 2G2.2(b)(7)(D) because the offense involved more than 600 images.  This results in a 5-level increase in the offense level.

**llll.**     **Adjusted Offense Level for Count 34:**  The parties stipulate and agree that the adjusted offense level for Count 34 is 38.

**mmmm.**     U.S.S.G. § 3D1.4 results in a 5-level increase in the offense level because the Defendant is pleading guilty to 30 counts.

**nnnn.  Combined Adjusted Offense Level:**  The parties stipulate and agree that the combined adjusted offense level for Counts 1-3, 5, 7-11, 14-22, and 23-34 of the Indictment is 45.

**oooo.  Acceptance of Responsibility:**  To date, the Defendant has demonstrated a recognition and affirmative acceptance of personal responsibility for the Defendant's criminal conduct.  Based upon the Defendant's willingness to accept a Plea Agreement and enter a plea of guilty to the criminal conduct noted in this agreement and the Defendant's agreement to cooperate in and not to contest the forfeiture of the property described above, the Government agrees that the Defendant should receive a 2-level reduction *provided* the Defendant satisfies the criteria set forth in Guideline § 3E1.1(a) up

45

to and including the time of sentencing.  The Defendant timely notified the Government of Defendant's intention to enter a plea of guilty, thereby permitting the Government and the Court to allocate their resources efficiently.  After the Defendant enters a plea of guilty, the Government intends to file a motion pursuant to U.S.S.G. § 3E1.1(b) requesting that the Court decrease the offense level by 1 additional level.  The parties reserve the right to present evidence and arguments concerning the Defendant's acceptance of responsibility at the time of sentencing.

**pppp.  Repeat and Dangerous Sex Offender Against Minors:**  U.S.S.G. § 4B1.5(b)(1) applies because:  (i) the Defendant's offenses of conviction are covered sex crimes; (ii) neither U.S.S.G. § 4B1.1 nor U.S.S.G. § 4B4.1(a) applies; and (iii) the Defendant engaged in a pattern of activity involving prohibited sexual contact.  This results in a 5-level increase in the offense level.

**qqqq.  Final Offense Level:**  Pursuant to Application Note 2 of U.S.S.G. Chapter 5, Part A, the Defendant's final offense level is decreased from 47 to 43.

## Part 8:  Waiver of Right to Appeal

22.     **Direct Appeal:**  The Defendant understands that the Defendant has a statutory right to appeal the conviction and sentence imposed and the manner in which the sentence was determined.  Acknowledging this right, and in exchange for the concessions made by the Government in this Plea Agreement, the Defendant expressly waives the Defendant's right to appeal the conviction and sentence imposed in this case on any ground, including the right to appeal conferred by 18 U.S.C. § 3742, except as set forth in paragraph 23 of this Plea Agreement.  The Defendant further expressly waives any and all challenges to the statutes to which the Defendant is pleading guilty on constitutional grounds, as well as any challenge that

46

the Defendant's admitted conduct does not fall within the scope of the applicable statutes. This waiver of appeal specifically includes all provisions of the guilty plea and sentence imposed, including the length and conditions supervised release and the amount of any fine.

**23.** **Limited Reservation of Rights:** Pursuant to Rule 11(a)(2) of the Federal Rules of Criminal Procedure, the Defendant reserves the right, on appeal from the judgment in this cause, to seek review of any denial of his motion to suppress. If the Defendant prevails on an appeal of the denial of his motion to suppress, then the Defendant will be allowed to withdraw his plea of guilty, and nothing said by the Defendant during his guilty plea hearing or sentencing can be used against the Defendant.

**24.** **Later Legal Challenges:** Additionally, the Defendant expressly agrees not to contest, or seek to modify, the Defendant's conviction or sentence or the manner in which either was determined in any later legal proceeding, including but not limited to, an action brought under 18 U.S.C. § 3582 or 28 U.S.C. § 2255, *except* that this § 2255 waiver does not prevent claims, either on direct or collateral review, that the Defendant received ineffective assistance of counsel.

**25.** **No Appeal of Supervised Release Term and Conditions:** The Defendant waives the right to appeal the length and conditions of the period of supervised release.

**Part 9:  Presentence Investigation Report**

**26.** The Defendant requests and consents to the commencement of a presentence investigation by probation officers of the United States District Court for purposes of preparing a Presentence Investigation Report at this time and prior to the entry of a formal plea of guilty.

**27.**    The Defendant further requests and consents to the review of the Defendant's

Presentence Investigation Report by a Judge, the Defendant's counsel, the Defendant, and the

Government at any time, including prior to entry of a formal plea of guilty.

**Part 10:  Statement of the Defendant**

**28.**    By signing this document, the Defendant acknowledges the following:

**a.**    I have received a copy of the Indictment and have read and discussed it

with my attorney.  I believe and feel that I understand every accusation made against me

in this case.  I wish the Court to omit and consider as waived by me all readings of the

Indictment in open court, and all further proceedings including my arraignment.

**b.**    I have told my attorney the facts and surrounding circumstances as known

to me concerning the matters mentioned in the Indictment, and believe and feel that my

attorney is fully informed as to all such matters.  My attorney has since informed,

counseled and advised me as to the nature and cause of every accusation against me and

as to any possible defenses I might have in this case.

**c.**    I have read the entire Plea Agreement and discussed it with my attorney.

**d.**    I understand all the terms of the Plea Agreement and those terms correctly

reflect the results of plea negotiations.

**e.**    Except for the provisions of the Plea Agreement, no officer or agent of any

branch of government (federal, state, or local), nor any other person, has made any

promise or suggestion of any kind to me, or within my knowledge to anyone else, that I

would receive a lighter sentence, or probation, or any other form of leniency, if I would

plead "Guilty."  I respectfully request that the Court consider in mitigation of punishment

at the time of sentencing the fact that by voluntarily pleading "Guilty" I have saved the

48

Government and the Court the expense and inconvenience of a trial. I understand that before it imposes sentence, the Court will address me personally and ask me if I wish to make a statement on my behalf and to present any information in mitigation of punishment.

**f.** I am fully satisfied with my attorney's representation during all phases of this case. My attorney has done all that anyone could do to counsel and assist me and that I fully understand the proceedings in this case against me.

**g.** I make no claim of innocence, and I am freely and voluntarily pleading guilty in this case.

**h.** I am pleading guilty as set forth in this Plea Agreement because I am guilty of the crimes to which I am entering my plea.

**i.** I understand that if convicted, a defendant who is not a United States Citizen may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

**j.** My attorney has informed me, and I understand, that I have the right to appeal any conviction and sentence that I receive, unless I have waived my right to appeal as part of this Plea Agreement. If I have not waived my right to appeal, I understand that I must file a Notice of Appeal within 14 days of the entry of the judgment in this case. I further understand that the Clerk of the Court will prepare and file a Notice of Appeal on my behalf if I ask that to be done. I also understand that the United States has the right to appeal any sentence that I receive under this Plea Agreement.

**k.** My attorney has informed me, and I understand, that if I provide or cause to be provided materially false information to a judge, magistrate judge, or probation

49

officer, then Section 3C1.1 of the Sentencing Guidelines allows the Court to impose a 2-level increase in the offense level.

**l.** If this cause is currently set for trial on the Court's calendar, I request that this date be continued to permit the Court to consider this proposed guilty plea agreement. I further understand that any delay resulting from the Court's consideration of this proposed guilty plea agreement, up to and including the date on which the Court either accepts or rejects my guilty plea, will be excluded in computing the time within which trial of this cause must commence, pursuant to 18 U.S.C. § 3161(h)(1)(G).

### Part 12: Certificate of Counsel

**29.** By signing this document, the Defendant's attorney and counselor certifies as follows:

**a.** I have read and fully explained to the Defendant all the accusations against the Defendant which are set forth in the Indictment in this case.

**b.** To the best of my knowledge and belief each statement set forth in the foregoing Petition to Enter Plea of Guilty and Plea Agreement is in all respects accurate and true.

**c.** The plea of "Guilty" as offered by the Defendant in the foregoing Petition to Enter Plea of Guilty and Plea Agreement accords with my understanding of the facts as related to me by the Defendant and is consistent with my advice to the Defendant.

**d.** In my opinion, the Defendant's waiver of all reading of the Indictment in open court, and in all further proceedings, including arraignment as provided in Rule 10, Fed. R. Crim. P., is voluntarily and understandingly made; and I recommend to the Court that the waiver be accepted by the Court.

e.      In my opinion, the plea of "Guilty" as offered by the Defendant in the foregoing p Petition to Enter Plea of Guilty and Plea Agreement is voluntarily and understandingly made and I recommend to the Court that the plea of "Guilty" be now accepted and entered on behalf of the Defendant as requested in the foregoing Petition to Enter Plea of Guilty and Plea Agreement.

.

## Part 13:  Final Provision

30.    **Complete Agreement:**  The Defendant acknowledges that no threats, promises, or representations have been made, nor agreements reached, other than those set forth in this document, to induce the Defendant to plead guilty.  This document is the complete and only Plea Agreement between the Defendant and the United States Attorney for the Southern District of Indiana and is binding only on the parties to the Plea Agreement, supersedes all prior understandings, if any, whether written or oral, and cannot be modified except in writing, signed by all parties and filed with the Court, or on the record in open court.

Respectfully submitted,

JOHN E. CHILDRESS
Acting United States Attorney

6-21-2021
DATE

Kathryn E. Olivier
Bradley P. Shepard
Assistant United States Attorney

6/21/2021
DATE

Cindy J. Cho
Chief, Criminal Division

6-17-2021
DATE

Russell Charles Taylor
Defendant

6-17-2021
DATE

Zachary Newland
Jeremy Gordon
Counsel for Defendant

52