UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| V. | ) | CAUSE NO. 1:20-cr-116-TWP-DML |
| | ) | |
| RUSSELL CHARLES TAYLOR, | ) | |
| | ) | |
| Defendant. | ) | |

## GOVERNMENT'S SENTENCING MEMORANDUM

The United States of America, by and through counsel, Zachary A. Myers, United States Attorney for the Southern District of Indiana, and Kathryn E. Olivier and Bradley P. Shepard, Assistant United States Attorneys, hereby submits its Sentencing Memorandum in support of a sentence of 420 months of imprisonment.

## FACTUAL AND PROCEDURAL BACKGROUND

On June 21, 2021, the defendant, Russell Charles Taylor (the "Defendant") signed a Petition to Enter Plea of Guilty and Plea Agreement, in which he agreed to plead guilty to 24 counts of Sexual Exploitation of a Minor, 3 counts of Distribution of Visual Depictions of Minors Engaging in Sexually Explicit Conduct, 1 count of Receipt of Visual Depictions of Minors Engaging in Sexually Explicit Conduct, 1 count of Possession of Visual Depictions of Minors Engaging in Sexually Explicit Conduct, and 1 count of Conspiracy to Possess Visual Depictions of Minors Engaging in Sexually Explicit Conduct.  The Defendant formally pled guilty 9 days later, on June 30, 2021.  (Docket No. 75.)

In the plea agreement, the Defendant admitted that from at least 2011, through his arrest on April 29, 2015, a conspiracy existed between the Defendant, his then-wife Angela, his friend and employer Jared Fogle, and his friends D.L. and R.S.  The purpose of the conspiracy was to

possess child pornography to fulfill the deviant sexual desires of the members of the conspiracy. To that end, the Defendant and Angela worked together to place hidden cameras in their residence in order to surreptitiously record minor children fully nude with their genitals exposed and/or engaging in sexual behavior. In addition to reviewing the hidden camera footage himself and with Angela, the Defendant also distributed some of the images and videos that were produced in his home to Angela, to Fogle, to D.L., and to R.S.

The investigation of the Defendant began in the fall of 2014, when Jane Doe, a friend and former sexual partner of the Defendant and Angela, told an Indiana State Police officer that the Defendant had offered to send her images of young girls. On April 29, 2015, A search warrant was executed at the Defendant's house at 1304 Salem Creek Boulevard, Indianapolis. During the search, officers found child pornography on multiple electronic devices inside the residence, including images and videos that appeared to have been created in the residence. Based on the camera angles of some of the videos, officers determined that there were likely hidden cameras in the house. And, in fact, hidden cameras designed to look like clocks were found in the master bedroom and the upstairs hall bathroom.

Officers were able to identify and interview the minor children depicted in the images and videos.

**Minor Victim 1**

Minor Victim 1 is an ex-relative-in-law of the Defendant's who met the Defendant for the first time when she was approximately 13 years old and in 7th or 8th grade. Minor Victim 1 reported that the Defendant, who worked as the Executive Director of the Jared Foundation, offered to pay Minor Victim 1 to do data entry at his home office. Minor Victim 1 was not 16 and could not drive, so the Defendant picked her up from her house and drove her to his home

office. When they arrived at the Defendant's house, the Defendant provided Minor Victim 1 with alcohol and suggested that she go into the home office, get onto Omegle or Chatroulette, and masturbate. Although Minor Victim 1 knew that the people she was video chatting with could see what she was doing, she had no idea that the Defendant was recording her with a hidden camera. When she was finished masturbating, Minor Victim 1 got dressed, the Defendant paid her, and then he drove her home.

Minor Victim 1 reported that she never did any clerical work for the Jared Foundation and that whenever the Defendant picked her up to do data entry, work on spreadsheets, or do other secretarial-type work for the Jared Foundation, she actually engaged in sexual activity. This sexual activity includes the above-described masturbation, as well as oral sex with both the Defendant and Angela, manual masturbation of the Defendant's penis, and intercourse with both the Defendant and Angela. Videos exist of Minor Victim 1 engaging in all of these activities with the Defendant and/or with Angela, which corroborate Minor Victim 1's statements. In addition, there are numerous text messages between the Defendant and Angela, between the Defendant and Fogle, and between the Defendant and R.S. discussing the sexual abuse of Minor Victim 1, which further corroborate Minor Victim 1's statements.

Minor Victim 1 also informed the Government that during the time period when she was being abused by the Defendant, he provided her with alcohol and drugs, including spice, the crystalline form of Ecstasy known as Molly, and marijuana. Minor Victim 1 also stated that the Defendant encouraged her to bring friends over to his house so that Minor Victim 1 could engage in sexual activity with those friends at the Defendant's house. Minor Victim 1 explained that was how Minor Victim 2 came to be at the Defendant's house and that, on several occasions, Minor Victim 1 and Minor Victim 2 engaged in sexual activity at the Defendant's house, including a

threesome between Minor Victim 1, Minor Victim 2, and the Defendant. Finally, Minor Victim 1 told the Government that she did not tell anyone about what occurred at the Defendant's house, in part, because the Defendant had warned her that if anything happened to him, something would happen to her. Minor Victim 1 construed this as a threat.

### Minor Victim 2

Minor Victim 2 corroborated Minor Victim 1's statement about engaging in a threesome with the Defendant and Minor Victim 1. Minor Victim 2 also stated that she became friends with Minor Victim 1 in middle school, and that she went to the Defendant's house on several occasions and engaged in sexual activity with Minor Victim 1 and the Defendant.

### Minor Victim 3

Minor Victim 3 is Angela's daughter and stated that she met the Defendant when she was 9 or 10 years old. Minor Victim 3 stated that initially, she thought the Defendant and Angela were "cool" because they condoned behavior that would not have been permitted at her father's house. However, Minor Victim 3 stated that this behavior grew to include repeated discussions about sex – including the Defendant mocking Minor Victim 3 for being a virgin at age 12. Minor Victim 3 also reported that the Defendant provided her with alcohol and smoked marijuana with her on multiple occasions.

In addition, Minor Victim 3 recalled an incident when she was approximately 13 years old and was hanging out in the basement with Minor Victim 7 and the Defendant. Minor Victim 3 stated that the Defendant offered to go upstairs and make alcoholic beverages for Minor Victim 3 and Minor Victim 7. After consuming only a portion of the alcoholic beverages made for them by the Defendant, Minor Victim 3 and Minor Victim 7 became extremely intoxicated and "blacked out." Minor Victim 3 believes that the Defendant "roofied" her and Minor Victim 7 by placing

something into their drinks as she became far more intoxicated than was typical for her. The investigation revealed text messages between the Defendant and Angela in which they discuss drugging Minor Victim 3 in order to sexually exploit her.

Minor Victim 3 also disclosed an incident that occurred on a vacation when she was approximately 12 years old. The Defendant and Angela took Minor Victim 3, Minor Victim 5, and their younger brother on a cruise for spring break. The Defendant and Angela stayed in one cabin and the children stayed in a separate cabin. One night, Minor Victim 3 came down the stairs on the way back to her cabin and she discovered Angela, bloody and intoxicated in the hallway near the elevators. Minor Victim 3 helped Angela up, took her back to her cabin, and cleaned her up. Minor Victim 3 then went looking for the Defendant but was unable to find him. When Minor Victim 3 started to leave to return to her own cabin, Angela begged her to stay. Minor Victim 3 ultimately fell asleep in Angela's bed with Angela. Minor Victim 3 awoke to find that the Defendant had just ejaculated onto the seat of her orange pants. When Minor Victim 3 asked the Defendant what he was doing, he claimed that he had confused Minor Victim 3 with Angela even though Angela was visible in the bed. Minor Victim 3 quickly got up and returned to her cabin. Minor Victim 3 reported that she did not believe she'd discussed the incident with Angela because anytime Minor Victim 3 *did* disclose inappropriate behavior by the Defendant, she was told, "that's just Russ." As a result, Minor Victim 3 became desensitized to the Defendant's conduct.

There are numerous text messages between the Defendant and Angela that illustrate their shared sexual interest in Minor Victim 3. These text messages also establish that the Defendant and Angela were working together to review the footage from the hidden cameras, and they were aroused by nude images and nude videos of Minor Victim 3.

5

### Minor Victim 4

Minor Victim 4 is a friend of Minor Victim 3. Minor Victim 4 stated that she went to the Defendant's house for the first time in June 2014, when she was 13 years old. Minor Victim 4 stated that during this first visit to the Defendant's house, the Defendant offered her alcohol and Ecstasy and asked Minor Victim 4 about her sex life. After that, Minor Victim 4 did not return to the Defendant's house until December 31, 2014. Minor Victim stated that on New Year's Eve 2014, she was again offered drugs and alcohol by the Defendant. Minor Victim 4 also reported that the Defendant drove she and her boyfriend back to Connersville on January 1, 2015, and during the ride, the Defendant discussed having Minor Victim 4 and her boyfriend come to a swinger sex party at the Defendant's residence.

Text messages between the Defendant and Fogle, the Defendant and R.S., and the Defendant and D.L., documented the group's sexual attraction to Minor Victim 4.

### Minor Victim 5

Minor Victim 5 is Angela's other daughter. Minor Victim 5 reported that she met the Defendant for the first time when she was 12 or 13 years old. Minor Victim 5 stated that she initially liked the Defendant, however, her opinion changed when the Defendant began having crude conversations with her about sexual activity.

Minor Victim 5 stated that when she stayed at the Defendant's house, the Defendant would encourage her to go into the home office, get onto Omegle, and engage in sexual activity by exposing her breasts or masturbating. Minor Victim 5 also reported that the Defendant and Angela left sex toys around the house, which they encouraged her to use to masturbate. There are text messages in which the Defendant and Angela discuss doing precisely this.

Minor Victim 5 also reported that the Defendant repeatedly discussed Indiana's "Romeo and Juliet" law and the age of consent with her. Minor Victim 5 also stated that the Defendant asked Minor Victim 5 if she would have sex with one of his adult friends once she turned 16. Minor Victim 5 stated that she thought these conversations were mostly in jest until she turned 16, at which time the Defendant took her for a ride in the car and asked whether Minor Victim 5 would be willing to participate in a foursome with the Defendant, Angela, and another couple.

In addition, Minor Victim 5 told the Government that the Defendant and Angela encouraged Minor Victim 5 to bring her boyfriends to the house and they permitted them to sleep in the same bedroom. There are text messages between the Defendant and Angela where they coordinated bringing Minor Victim 5 and her boyfriend to Indianapolis to engage in sexual activity.

As with Minor Victim 3, the Defendant and Angela exchanged numerous text messages about Minor Victim 5, including text messages in which they contemplated drugging Minor Victim 5 to make it easier to sexually exploit her, and text messages where they discussed setting up hidden cameras to record Minor Victim 5.

### Minor Victim 6

Minor Victim 6 was friends with Minor Victim 5. Minor Victim 6 stated that the Defendant provided her alcohol when she was at his house. She also reported seeing sex toys and vibrating wands around the house, and she is one of the minors who used these devices to masturbate in the Defendant's home.

### Minor Victim 7

Minor Victim 7 was friends with Minor Victim 3 and Minor Victim 5. Minor Victim 7 reported being provided alcohol by the Defendant and by Angela. She also corroborated Minor Victim 3's testimony about "blacking out" after consuming only a few sips of an alcoholic drink that the Defendant made for her. Minor Victim 7 also reported seeing pornography on the television at the Defendant's house. Text messages between the Defendant and Angela reveal that this was a "staged scene" intended to induce Minor Victim 7 to engage in sexual activity.

Minor Victim 7 also stated that the Defendant video chatted with her on one occasion during which he showed her his penis and asked her to expose her breasts.

### Minor Victim 8

Minor Victim 8 is another friend of Minor Victim 5, who reported being provided alcohol by the Defendant.

### Minor Victim 9

Minor Victim 9 is the youngest victim and is Angela's biological niece. Minor Victim 9 reported being molested by Angela when she was approximately 9 years old, on the same day that the files charged in Count 31 were created. Following the bath portrayed in the Count 31 files, Minor Victim 9 stated that she watched a movie with the Defendant and Angela. Although not pornographic, Minor Victim 9 recalled the movie being age-inappropriate because it contained nudity and sex scenes. After the movie ended, Minor Victim 9 indicated that she did not want to sleep in a room by herself because the house was big and unfamiliar. Instead, Minor Victim 9 slept in the master bedroom, in the same bed with Angela and the Defendant. Minor Victim 9 was awakened in the middle of the night when an arm, which she believed to be Angela's, started touching her breasts, upper thighs, and vagina. Minor Victim 9 stayed as still as she could so that

Angela and the Defendant would not know that she was awake. The next morning, Minor Victim 9 confronted Angela about the molestation. Angela became tearful and denied touching Minor Victim 9.

Minor Victim also reported that once, when she arrived at the Defendant's house, there was pornography playing on the television.

Text messages between the Defendant and Angela document their shared sexual interest in Minor Victim 9 and include discussions about staging the bath scene that is shown in Count 31.

In short, there is ample evidence of the Defendant's guilt. That same evidence indicates that a 420-month sentence is appropriate here. The Defendant's Guidelines range is life; however, this is limited by the statutory maximums to 10,080 months.

## ARGUMENT

When the Defendant was originally sentenced in this case, the Government advocated for a 35-year (420-month) sentence. (*See* Docket No. 40 in Cause No. 1:15-cr-165-TWP-MJD (Government's Sentencing Memo).) The Government believed then, and continues to believe now, that a sentence of 420 months of imprisonment is reasonable and appropriate under 18 U.S.C. § 3553(a).

The PSR correctly calculated the applicable Guidelines range as life; however, this is limited by the statutory maximums to 10,080 months. (Docket No. 81.) A 420-month sentence accounts for the nature and circumstances of the Defendant's offenses, as well as his specific history and characteristics. It will also serve the goals of 18 U.S.C. § 3553(a) by reflecting the seriousness of these offenses, providing just punishment, avoiding sentencing disparities, and affording adequate deterrence.

First, a 420-month sentence recognizes that the Defendant's abuse of the victims was long-standing and persistent. A 420-month sentence also fairly recognizes that although the Defendant pled guilty to additional crimes in *this* case, the core facts did not change between 2015 and today.

A 420-month sentence would also avoid unwarranted sentencing disparities and afford adequate deterrence. Defendants who have committed similar atrocities have received similarly lengthy sentences. *See, e.g.*, *United States v. Richard Mitchell*, Cause No. 1:21-cr-238-JPH-DML-01 (S.D. Ind. Jan. 31, 2022) (defendant with 2 minor victims sentenced to 360 months of imprisonment following a guilty plea); *United States v. Brandon Jackson*, Cause No. 1:20-cr-169-JPH-DML-01 (S.D. Ind. May 26, 2021) (defendant with 2 minor victims sentenced to 360 months of imprisonment following a guilty plea); *United States v. Donald Richards III*, Cause No. 1:20-cr-146-JPH-DLP-01 (S.D. Ind. Dec. 7, 2021) (defendant with 2 minor victims sentenced to 720 months of imprisonment following a guilty plea); *United States v. Matthew Cole*, Cause No. 1:19-cr-96-TWP-DLP-01 (S.D. Ind. Nov. 10, 2021) (defendant with 6 minor victims sentenced to 500 months of imprisonment following a guilty plea); *United States v. Christopher Abraham*, Cause No. 1:17-cr-11-TWP-DML-01 (S.D. Ind. Oct. 17, 2017) (defendant with 4 minor victims sentenced to 720 months of imprisonment following a guilty plea); *United States v. Timothy Poteat*, Cause No. 1:16-cr-273-JRS-DML-01 (S.D. Ind. Oct. 8, 2019) (defendant with 2 minor victims sentenced to 500 months of imprisonment following a guilty plea). In light of these cases, a 420-month sentence is reasonable and appropriate.

The facts show that the Defendant is abused and exploited multiple children over a period of years, including the hands-on sexual abuse of 2 children. This abhorrent behavior deserves severe punishment to deter the Defendant, and others like him, from doing this again.

## CONCLUSION

For the foregoing reasons, the Government respectfully requests that the Court sentence the Defendant to a term of imprisonment of 420 months.

Respectfully submitted,

ZACHARY A. MYERS
United States Attorney

By:	s/ Kathryn E. Olivier
	Kathryn E. Olivier
	Bradley P. Shepard
	Assistant United States Attorneys

## CERTIFICATE OF SERVICE

I hereby certify that on May 2, 2022, a copy of the foregoing, was filed electronically. Copies will be sent to counsel of record via CM/ECF.

By:	s/ Kathryn E. Olivier
	Kathryn E. Olivier
	Assistant United States Attorney
	United States Attorney's Office
	Southern District of Indiana
	10 W Market Street, Suite 2100
	Indianapolis, IN 46204
	(317) 226-6333
	Kathryn.Olivier@usdoj.gov